(No. 15002.—Judgment affirmed.)

THE PEOPLE *ex rel.* Peter Corrigan *et al.* Appellants, *vs.* C. H. PATTERSON *et al.* Appellees.

*Opinion filed December 19, 1922.*

SCHOOLS—*when high school district is not void because of size and shape of territory.* The organization of a community high school district is not void on the ground that the district is not composed of compact and contiguous territory, where it appears that the district is but eight and one-half by nine and one-half miles in length and breadth and that the school building is practically in the center of the district and in a village which is the community center.

APPEAL from the Circuit Court of Livingston county; the Hon. STEVENS R. BAKER, Judge, presiding.

JOHN H. McFADDEN, State's Attorney, (F. A. ORTMAN, TUESBURG, WILSON & ARMSTRONG, and A. H. SHAY, of counsel,) for appellants.

ADSIT & THOMPSON, and J. J. HERR, for appellees.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Appellants filed their petition in the circuit court of Livingston county asking leave to file an information in the nature of a *quo warranto* to test the legality of the organization of Community High School District No. 70, in said county. It appeared from the affidavit in support of the petition that an election was held at the village hall in Cornell on April 18, 1921, for the purpose of voting for or against the proposition of establishing the district; that a majority of the votes were cast in favor of the proposition; that appellees were thereafter elected members of the board of education for the district; that the district consists of approximately sixty-seven square miles of territory; that its greatest length north and south is eight and one-half miles and its greatest width east and west is nine and one-half miles; that the village of Cornell, where the school building is located, is practically in the center of the district; that the farthest dwelling house in the southwest corner of the district is eight and one-half miles from said village; that the farthest point in the southeast, northeast and northwest corners of the district is seven and one-half miles from said village; that the dwelling house in the southeast corner of the district most remote from the village is about four and one-half miles from the Pontiac township high school; that most of the land in the district is deep, black loam, and that the roads are not improved by stone or gravel; that most of the highways leading into the village are oiled, but when there are heavy rains or melting snows in the late winter or early spring the roads become impassable for automobiles and can only be used by horse-drawn vehicles, which must travel slowly; that the roads leading from the city of Pontiac toward the southeast corner of the district are graveled to within one-half mile of the district; that when the roads are muddy it is possible to travel from the southeast corner

of the district to Pontiac in half the time it takes to travel from the same point to Cornell; that the southwest corner of the district is six miles from the village of Flanagan; that the northwest corner of the district is five and one-half miles from the southern limits of the city of Streator, which is reached over macadamized roads; that when the roads are bad it is impossible for children living more than five miles from the village of Cornell to conveniently or with a reasonable degree of comfort travel from their homes to the school building in the time allotted them before school opens in the morning; that the Vermilion river flows across the southwest corner of the district; that there are five bridges that cross this river within the district; that the river in extreme stages of high water overflows some of the approaches to these bridges; that there are a number of creeks and small streams within the district; that all of these streams are crossed by many bridges; that the streams and creeks overflow the approaches to the bridges; that the high school is now being conducted in a building in the village of Cornell rented for that purpose; that there are approximately fifty-three pupils attending the high school; that there are several persons of high school age residing in the district who attend the high schools at Pontiac and Streator; that some of the people living in the outer portions of the district are accustomed to trade and attend lodges and churches in surrounding cities and villages; that by reason of the foregoing facts the district is of abnormal size, of irregular shape, and all the persons living within the district do not belong to the community of which Cornell is the community center, and the district is otherwise not compact and contiguous within the meaning of the School law. A plat of the district was attached to and made a part of the affidavit. This plat shows State aid roads running through the district in each direction from the village. The court denied leave to file the information, and this appeal was prayed and prosecuted.

The sole question presented is whether the petition showed reasonable grounds for holding the district void on the ground that it was not composed of compact and contiguous territory. In *People* v. *Swift,* 270 Ill. 532, a similar question was presented with respect to a similar district. The district in that case had a greater length than the district here involved but contained practically the same amount of territory. That district included sixty-seven sections of land and had a length of ten miles and a width of nine and one-half miles. It was held that the territory was compact and contiguous within the meaning of the School law. In *People* v. *Herrin,* 284 Ill. 368, the same question was presented with respect to a district containing less territory but having a length of nine miles and a width of seven miles, which would make the greatest distance to the school approximately the same, and the territory was there held to be compact and contiguous. In *People* v. *Fifer,* 280 Ill. 506, the district involved contained seventy-one sections of land located in four townships, and it was held that the territory was compact and contiguous. The same holding was made in *Fisher* v. *Fay,* 288 Ill. 11, with respect to a district containing eighty-four sections of land. In *People* v. *Graham,* 301 Ill. 446, the court had before it a community consolidated district which provided facilities for children in all the grades from the primary to the high school. The greatest length of the district there involved was eight and one-half miles and the greatest distance to be traveled by any of the children attending the school was six and one-half miles. It was held in that case that the court properly refused to allow an information to be filed which challenged the district on the ground that it was not composed of compact and contiguous territory. The holdings in these cases are conclusive of the questions presented here.

The circuit court properly refused to allow the information to be filed, and the judgment is therefore affirmed.

*Judgment affirmed.*