## L. M. Snite, trading as Local Loan Company, Appellee, v. Chicago & Eastern Illinois Railway Company, Appellant.

### Gen. No. 31,680.

1. ASSIGNMENTS—*effect of two assignments of wages.* Under Cahill's St. ch. 74, ¶ 30, relating to the assignment of wages, only 50 per cent of the wages can be recovered by the assignee although the employee has made two assignments to him of 50 per cent each.

2. STATUTES—*consideration of legislative intent.* It is a fundamental rule in the construction of a statute that effect should be given to the legislative intent.

Appeal by defendant from the Municipal Court of Chicago; the Hon. THEODORE F. EHLER, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1927. Reversed. Opinion filed December 27, 1927.

EDWARD W. RAWLINS and DON C. WRAY, for appellant; H. T. DICK, of counsel.

No appearance for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

In a fourth-class action in contract, No. 1,181,468, based upon certain provisions of an act entitled, "An Act to license and regulate the business of making loans in sums of three hundred dollars ($300) or less," etc., approved June 14, 1917 (Cahill's St. 1927, ch. 74, p. 1533), and commenced in the municipal court on May 3, 1926, there was a finding and judgment on December 23, 1926, against defendant for $35.87, and this appeal followed. Plaintiff has not appeared or filed a brief in this Appellate Court. It is provided in section 4 of the act, Cahill's St. ch. 74, ¶ 30, as follows:

"No assignment of any salary or any wages, earned or to be earned, given to secure any loan made under this Act, shall be valid, unless in writing signed by

the borrower; nor shall such assignment be valid unless given to secure an existing debt or one contracted simultaneously with its execution.

"Under such assignment or order for the payment of future salary or wages given as security for a loan made under this Act, a sum of fifty (50) per centum of the borrower's salary or wages shall be collectible by the licensee from the time that a copy thereof, verified by the oath of the licensee, or his agent, together with a verified statement of the amount unpaid upon such loan, has been served upon the employer."

On the trial it appeared from plaintiff's evidence that on August 30, 1925, F. E. Slanker, one of defendant's employees, signed and delivered his promissory note of that date for $125, payable to plaintiff's order in monthly instalments of $10 each on the 30th day of each and every month, with interest thereon at the rate of 3½ per cent per month; that on the same day Slanker signed and delivered to plaintiff, as assignee, his written assignment of "fifty (50) per cent of all salary and wages, * * *, earned or to be earned by me within five years from date hereof in the employ of Chicago and Eastern Illinois Railway Company, * * *"; that in said assignment it is stated that Slanker authorizes and directs his said employer to pay the salary and wages to said assignee; that he constitutes said assignee his attorney to take all necessary legal proceedings for the recovery of the same in his name, etc.; that he releases and discharges his said employer from all liability to him on account of any moneys paid by it, etc.; and that "This assignment is executed and delivered as security for a loan of $125 made to me this day by said assignees becoming due in monthly installments of $10 each," etc.; that on the reverse side of a copy of said assignment introduced in evidence is a certain affidavit, signed and verified by an agent of said assignee on February 8,

1926, and also a notice to said employer (defendant) signed by said assignee (plaintiff) by said agent; that in said affidavit it is stated that said copy of the assignment is a true one and that "there is now due and unpaid on the loan secured by said assignment the sum of $105 of principal, with interest thereon at the rate of 3½ per cent per month from January 25, 1926"; that in said notice defendant is directed to "hold all moneys now or hereafter in your hands which would otherwise be payable to said F. E. Slanker, subject to my order"; and that on February 9, 1926, the copy of said assignment, together with said affidavit and notice, were duly served upon defendant.

On the trial also it was stipulated and agreed between the parties as follows:

"That at the time the notice of assignment, dated August 30, 1925, * * * was served on this defendant, the plaintiff simultaneously served on it a notice of another and additional assignment of wages, dated August 4, 1925, executed by the same employee, F. E. Slanker, upon which last referred to assignment plaintiff brought suit against this defendant, in this court, and in which suit, known as No. 1181467, said plaintiff recovered a judgment in this court on December 23, 1926, for the sum of $35.87, and costs, which judgment was this day paid and satisfied.

"That at the time said notices of assignments were and each of them was served, and at the time said two suits were, and each of them was started, the defendant held as wages the sum of $71.74, and no more, due to and earned by said F. E. Slanker during the period from February 1st to February 15th, 1926, inclusive; that since February 15, 1926, said F. E. Slanker has not earned or received, or since February 8, 1926, been paid any wages or other sum by this defendant; that this defendant now holds as wages due said F. E. Slanker the sum of $35.87 and no more,

being one-half of said wages earned by said F. E. Slanker in the period aforesaid, which sum said F. E. Slanker claims is due and owing to him.''

Defendant's counsel, in their printed brief and argument here filed, state that upon the trial plaintiff took the position that, because there were *two* assignments instead of one, he was entitled to recover the *entire* wages due to Slanker, while defendant contended, and now contends, that under the act in question, regardless of the number of assignments, only 50 per cent of the wages can be recovered by the assignee—the other 50 per cent belonging to the employee.

The constitutionality of the act in question was upheld in *People v. Stokes,* 281 Ill. 159. In distinguishing the act from another previous act (held unconstitutional in *Massie v. Cessna,* 239 Ill. 352) our Supreme Court said (p. 172): ''In this instance the statute under consideration obviates the objections there pointed out by limiting the amount of wages or salary which may be assigned to a sum not exceeding $300 *and not to exceed fifty per cent of the salary earned per month,* and in that way protects the small-salaried person, equally with the wage earner, * * *.'' After reviewing the act, and in view of the above holding, we are of the opinion that one of the purposes that the legislature had in mind was the protection of the small wage earner or the small-salaried person from, so to speak, his own improvidence, and that to this end it was provided that only ''fifty (50) per centum of the borower's salary or wages'' should be collectible by an assignee. It is a fundamental rule that in the construction of a statute effect should be given to the legislative intent. *(People ex rel. Duckwitz v. Brown,* 306 Ill. 245, 249; *People ex rel. Brodersen v. McEldowney,* 308 Ill. 575, 577.) To allow the *entire* salary or wages of an employee to be collectible by an assignee, where *two* assignments instead of one have been made, would, we think, nullify the plain purpose

of the act in question. It appears from the present record that defendant held wages, belonging to its employee, Slanker, amounting to $71.74; that plaintiff obtained judgment against defendant for 50 per cent thereof, or $35.87, in another suit and that that judgment has been paid and satisfied. The present judgment is for the other 50 per cent of said amount in defendant's hands. As we read the statute this other 50 per cent rightfully belongs to Slanker, and is not collectible, by judgment or otherwise, by plaintiff by virtue of said assignments.

Accordingly, the judgment of the municipal court in the instant case against defendant for $35.87 is reversed.

*Reversed.*

Barnes, P. J., and Scanlan, J., concur.