(No. 25746.

THE YORK COMMUNITY HIGH SCHOOL DISTRICT No. 88, Appellee, *vs.* CLARENCE WAGEMANN, County Clerk, Appellant.

*Opinion filed December 12, 1940.*

RUSSELL W. KEENEY, State's Attorney, (WILLIAM E. HOOPER, THOMAS H. PRICE, and JOEL BAKER, of counsel,) for appellant.

CUMMINGS & WYMAN, and RICHARD F. LOCKE, (AUSTIN L. WYMAN, and HAROLD ENGSTROM, of counsel,) for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

The York Community High School District No. 88 of DuPage county filed a petition for a writ of *mandamus* in the circuit court to compel the county clerk of DuPage county to certify to the county collector a rate and tax sufficient to pay the maturing obligations of the refunding bonds of the district without deducting such rate from the

maximum rate permitted to be employed by the school district for building purposes. The county clerk's motion to strike the petition was overruled and the trial court entered judgment for the district and ordered the writ of *mandamus* to issue. The county clerk appeals directly to this court from the order overruling his motion to strike, the public revenue being involved.

This dispute arose over the refusal of the DuPage county clerk to extend or certify a tax for refunding bonds independent of a tax for building purposes. In the petition for *mandamus* it is alleged that the annual interest charges on the refunding bonds of the district issued November 1, 1935, and thereafter, amount to $2,701; that the county clerk refused to extend an annual tax sufficient to pay the amounts due on the refunding bond issues separate and distinct from and over and above the maximum building rate, but, on the contrary, deducted the amount levied for payment of maturing principal, sinking fund, and interest from the amount authorized to be levied for building purposes; that, in 1939, the result of this procedure was that forty-five cents out of the maximum fifty cents permitted to be levied by the district per $100 of assessed valuation was required to pay principal and interest maturing during 1940, leaving a net of five cents per $100 of assessed valuation for building funds.

The power to issue refunding bonds was granted to various municipalities and taxing districts by an act of the legislature effective May 6, 1935. (Ill. Rev. Stat. 1939, chap. 24, par. 662.1). This same act further provided (par. 662.2) : "The ordinance or resolution authorizing refunding bonds shall prescribe all details thereof and shall provide for the levy and collection of a direct annual tax upon all the taxable property within such municipality or taxing district sufficient to pay the principal thereof and interest thereon as it matures which tax shall be in addition to and exclusive of the maximum of all other taxes au-

thorized to be levied by the municipality or taxing district. Tax limitations applicable to any such municipality or taxing district provided by other statutes shall not apply to taxes levied for payment of such refunding bonds." Subsequently, the same session of the legislature passed an act, (Ill. Rev. Stat. 1939, chap. 122, par. 212,) effective July 11, 1935, which authorized the issuance of school bonds, the levy of taxes to pay these bonds, and provided that the rate for these taxes should be deducted from the rate applicable to the building fund tax. Then a special session of the legislature, on March 13, 1936, amended the first act of May 6, 1935, by inserting after the word "municipality," the words "or taxing districts," and also added the following emergency clause: "Whereas, bonds of many school districts are now due and sufficient taxes cannot be collected to pay the same, and unless such bonds may be refunded, the credit of such school districts will be endangered, and whereas, this act is needed to eliminate all doubt of the legality of school districts issuing refunding bonds, therefore an emergency exists and this act shall take effect upon its. passage." Laws of 1935-1936, first sp. sess. p. 34.

The appellant maintains that it is his express duty to follow the directions contained in the second act of July 11, 1935,—that is, to deduct the tax extended for refunding bonds from the tax to be extended for building purposes. The appellee contends that the county clerk must extend an annual tax sufficient to pay the amounts due on the refunding bond issues, separate and distinct from, and over and above the maximum building rate of fifty cents per $100 assessed valuation, in accordance with the express directions of the act of May 6, 1935, and its amendatory provisions.

It is fundamental in the construction of statutes that effect should be given to the legislative intent. (*People* v. *Brown,* 306 Ill. 245; *People* v. *City of Chicago,* 152 id.

546.) Where the passage of a series of legislative acts results in confusion and consequences which the legislature may not have contemplated, the courts must construe the acts in such a way as to reflect the obvious intent of the legislature and permit the practical application of the statutes. The act of May 6, 1935, granting the power to issue refunding bonds treated solely of refunding bonds of municipalities. The second act under consideration concerned the original issue of school bonds and made no reference to refunding bonds. From this it can be logically inferred that the legislature intended that a procedure should be adopted for school bonds of original issue separate from that for refunding bonds. Taking cognizance of the emergency situation which confronted many school districts, the legislature then amended the original act authorizing refunding bonds to include other taxing districts. From the tenor of the emergency clause the legislature must have intended to prevent the possibility of the entire building fund rate being exhausted to pay refunding bond charges. If the legislature had not so expressed its intention, in many instances there would have ·been a shortage of funds with which to maintain and operate many of our educational institutions. It is inconceivable that the legislature intended this result.

After this litigation was commenced, the legislature, in a special session, enacted House Bill No. 28, which took effect July 1, 1940. (Laws of 1940, first sp. sess. p. 53.) The purpose of the bill was to validate refunding bonds of school districts and to provide for the levy of a tax to pay the same. It expressly provides "and it is hereby made the duty of the county clerk or county clerks wherein such school district or any portion thereof is situated to annually extend taxes sufficient to pay the principal of and interest on said bonds as the same become due, in accordance with the provisions of the levy set out in the bond resolution or

ordinance, and said tax shall be extended by such county clerk or county clerks in addition to and in excess of all other taxes any such school district is authorized to levy, and the building tax of any such school district authorized to be levied under the provisions of section 189 of 'An act to establish and maintain a system of free schools,' approved June 12, 1904, as amended, shall not be reduced by reason of the extension of such tax to pay the principal of and interest upon such refunding bonds, notwithstanding any other law to the contrary."

This act, although it does not control this case, reveals the procedure the legislature actually intended the taxing districts should pursue with respect to taxes for the payment of principal and interest on refunding bonds. An analysis of the two acts of the legislature providing for the refunding of bonds, together with the express language of the act of 1940, forces us to the conclusion that the legislature intended that the county clerk should extend a tax sufficient to pay maturing obligations of the refunding bonds, and never intended that the building tax of school districts should be reduced to meet such refunding obligations.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*