(No. 19867.—

THE PEOPLE *ex rel.* D. G. Carnine, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 20, 1929.*

JOHN E. JENNINGS, (E. C. CRAIG, V. W. FOSTER, and C. R. PATTERSON, of counsel,) for appellant.

R. B. FOSTER, State's Attorney, (F. J. THOMPSON, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellant, the Illinois Central Railroad Company, filed its objections in the county court of Moultrie county to the application of appellee for judgment of sale against appellant's property for alleged delinquent school taxes in school districts Nos. 50 and 68 for the year 1928. Among the objections was one that the county clerk extended such taxes in amounts in excess of the limit provided by law. The court overruled appellant's objections and entered judgment of sale in accordance with appellee's application. Appellant has appealed from this judgment.

There is no dispute in the evidence, which shows that in district No. 50 a school tax was extended at the rate of one dollar per hundred for educational purposes, thirty-eight cents per hundred for building purposes, and an additional rate of thirty-five cents per hundred for the payment of bonds and interest, and that in district No. 68 the tax was extended at the rate of one dollar per hundred for educational purposes, thirty-eight cents per hundred for building purposes, and in addition to these two rates there was extended a rate of thirty-eight cents for the payment of bonds and interest. In each of these districts appellant paid an amount equal to the tax for educational purposes at the rate of one dollar per hundred and an amount equal to the tax for building purposes extended at the rate of thirty-seven and one-half cents, and the tax in controversy

in each of these districts is the tax extended for the purpose of paying the principal and interest of the bonds issued by the district. In district No. 50 the amount in controversy was $384.60 and in district No. 68 the amount in controversy was $155.84.

It is appellant's contention that under the law as it existed in 1928, school districts of the size and character of the ones here in question were limited as to the amount of taxes which they might levy, without an express vote of the people, to one dollar per hundred for educational purposes and thirty-eight cents per hundred for building purposes. Appellee contends that the limitations as to educational and building purposes do not apply to taxes levied for the payment of bonds, and interest thereon, issued in accordance with the law, and contends that by virtue of an act of the legislature passed in 1927 the county clerk has the right to extend a tax for the payment of such bonds and interest in addition to the tax levied by the school district for educational and building purposes.

Prior to the passage of the act of 1927 with reference to the extension of taxes for the payment of principal and interest on outstanding bonds of school districts, the districts in question had issued bonds which came within the provisions of the act. That act, after providing for the filing in the office of the county clerk of a certified copy of the resolution providing for the issuance of such bonds and for the levy of a tax to pay principal and interest of the same, provided as follows: "As to all such bonds heretofore issued, it is hereby made the duty of the county clerk annually to extend a tax upon all the taxable property, in the territory constituting the school district at the time of the issuance of the bonds, in amounts sufficient to pay maturing principal of and interest on the same." Under a former act of the General Assembly it was required that bonds issued by school districts should be registered with the State Auditor of Public Accounts, and he should an-

nually estimate and determine the rate percentum upon the valuation of the property in the district requisite to meet and satisfy the principal and interest due and accrued and to accrue for the current year, together with the ordinary cost to the State of collection and disbursement, and to make and send to the county clerk a certificate setting forth such estimated rate. In construing this act of the legislature, this court in *People* v. *Chicago and Eastern Illinois Railroad Co.* 300 Ill. 258, held that there were only two classes of taxes which a school board may levy,—one for educational purposes and one for building purposes,—and that the bonded indebtedness incurred for building purposes must be paid out of the tax levied for building purposes and the bonded indebtedness incurred for educational purposes must be paid out of the tax levied for educational purposes, and said upon the question here in issue: "When the bonds were registered by the Auditor the obligation of annually levying the tax required for this purpose was placed upon the Auditor. This levy of the tax by the Auditor was merely a provision for the extension and collection of the tax which had been, in effect, levied in accordance with the requirement of the constitution when the bonds were issued. It did not increase the power of the district to levy taxes. So far as the bonds were concerned, that power was transferred to the Auditor. It was not intended that the registration of the bonds should authorize the directors, without any reference to the indebtedness incurred, whether for educational or building purposes, to go on and levy the full amount which they had been previously authorized to levy for both purposes and that the Auditor should in addition levy for the indebtedness. It was the duty of the directors to reduce their appropriation to such a rate as, added to the rate required for the payment of the bonds, would not exceed the statutory limit, and it was the duty of the county clerk to extend the tax only to the extent of two and two-thirds per cent." It was

likewise held in *Chicago and Alton Railroad Co.* v. *People,* 205 Ill. 625, that a school board could levy but two taxes, one for building purposes and one for educational purposes, and that bonded indebtedness must be paid out of the taxes so levied, and that the levy could not exceed the rates provided by statute. The material difference between the former statute and the present one is, that under the former statute the bonds were to be registered with the State Auditor of Public Accounts and the tax for the payment of principal and interest maturing be levied by him, and under the present statute such bonds must be registered with the county clerk and the taxes for the payment of principal and interest maturing must be levied by him.

Where the legislature re-enacts a statute in substantially the same words as a former statute which has been judicially construed, it will be presumed that such statute was re-enacted in view of such construction. *Zakroczymski* v. *Zakroczymski,* 303 Ill. 264; *Spiehs* v. *Insull,* 278 id. 184; *McGann* v. *People,* 194 id. 526; *Kelley* v. *Northern Trust Co.* 190 id. 401.

The act of 1927 did not repeal the portion of the School act limiting the powers of school districts as to the amount of taxes which they might lawfully levy. That act was passed June 23, 1927, and approved June 29, 1927, while an amendment to the School act fixing the tax rate in school districts was passed on June 29, 1927, and approved July 7, 1927. Statutes enacted at the same session of the legislature should receive a construction, if possible, which would give effect to each. Each is supposed to speak the minds of the same set of law-makers, and the words used in each should be qualified and restricted, if necessary, so as to give validity and effect to both acts. (*Hoyne* v. *Danisch,* 264 Ill. 467.) Where it is impossible to give effect to both acts the latest in point of time will prevail. (*Huston* v. *Newgass,* 228 Ill. 575.) In accordance with

these rules we must hold that if the bonded indebtedness of a school district has been incurred for educational purposes the tax to meet it must be levied as an educational tax, and if such indebtedness has been incurred for building purposes then the tax to meet it must be levied for building purposes, and the tax levied for either purpose, whether or not it includes any sum to be applied upon bonded indebtedness, cannot exceed the rate fixed by the statute for such purpose.

The school districts in question being without authority of law to levy the portion of the school taxes to which objections were filed by appellant, the county court erred in overruling such objections, and its judgment must be reversed.

*Judgment reversed.*