(No. 19792 ▮)

THE PEOPLE *ex rel.* D. G. Carnine, County Collector, Appellee, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY, Appellant.

*Opinion filed February 21, 1930.*

CRAIG & CRAIG, (K. L. RICHMOND, and G. BRUCE HILL, of counsel,) for appellant.

R. B. FOSTER, State's Attorney, (F. J. THOMPSON, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellant, the Chicago and Eastern Illinois Railway Company, filed its objections in the county court of Moultrie county to the application of appellee for judgment of sale against appellant's property for alleged delinquent school taxes in school district No. 50 for the year 1928. Among the objections was one that the county clerk extended such taxes in amounts in excess of the limit provided by law. The court overruled appellant's objections and entered judgment of sale in accordance with appellee's application. Appellant has appealed from this judgment.

There is no dispute in the evidence, which shows that in district No. 50 a school tax was extended at the rate of one dollar per hundred for educational purposes, thirty-eight cents per hundred for building purposes, and an additional rate of thirty-five cents per hundred for the payment of bonds and interest.

The school tax levy involved in this case is the same school tax levy which was considered by this court in *People* v. *Illinois Central Railroad Co.* 337 Ill. 276, where it was held that where a school district has incurred a bonded indebtedness for educational purposes the tax to meet the principal and interest thereon must be levied as an educational tax and if such indebtedness has been incurred for building purposes the tax to meet it must be levied for building purposes, and the tax levied for either purpose, whether or not it includes any sum to be applied upon the bonded indebtedness, cannot exceed the rate fixed by statute for such purpose; and the act of 1927 requiring the bonds to be registered with the county clerk and the tax to be levied by him does not change the law in this respect.

The questions involved in this case being identical with those considered in *People* v. *Illinois Central Railroad Co.* *supra,* for the reasons assigned in the opinion in that case the judgment of the county court must be reversed.

*Judgment reversed.*