(No. 25735.—

THE PEOPLE *ex rel.* John E. Miller, County Collector, Appellant, *vs.* THE MOBILE AND OHIO RAILROAD COMPANY, Appellee.

*Opinion filed October 15, 1940.*

377

MURPHY, J., dissenting.

M. J. O'Shea, State's Attorney, and William S. Dewey, for appellant.

Lansden & Lansden, for appellee.

Mr. Justice Farthing delivered the opinion of the court:

Appellee filed objections to the county collector's application for judgment and order of sale for the 1936 taxes levied for school districts No. 1, No. 4 and No. 5 of Alexander county. The taxes objected to were.levied for building purposes. For the most part the county court sustained the objections and this appeal followed. In school district No. 1 the tax was levied at the rate of $1 for educational purposes, 18 cents for building purposes, 39 cents for educational bonds and 32 cents for building bonds, a total rate of $1.89. In school district No. 4 a tax was levied at the rate of $1 for educational purposes, 33 cents for building purposes, and 58 cents for educational bonds, a total rate of $1.91. It is admitted that 25 cents of the levy for edu-

cational bonds was illegal and that only 33 cents could be levied for that purpose. Appellee, therefore, now admits that the district could levy 4 cents, instead of 33 cents, for building purposes. In school district No. 5 the taxes were levied at the rate of $1 for educational purposes, 37 cents for building purposes and 51 cents for educational bonds, a total rate of $1.88. In all three districts the court sustained objections to the tax for building purposes, except for 4 cents of the building purposes rate levied by district No. 4.

This appeal presents a construction of section 189 of the School law as amended in 1935, by House Bill No. 616. (Ill. Rev. Stat. 1939, chap. 122, par. 212, p. 2915.) It provides, in part: "B. When the county clerk determines the amount of taxes to be extended upon all of the taxable property in any school district having a population of less than 200,000 inhabitants, he shall determine from the certified copies of bond resolutions filed in his office the amount necessary to pay the maturing principal of and interest on any bonds of such district and shall extend a separate tax sufficient to pay all principal and interest thereon which matures prior to the first delinquent date of taxes to be realized from the next succeeding tax extension or all interest and sinking fund requirements for the payment of principal which must be extended prior to said date. Said separate tax shall be extended without limitation as to rate or amount. If the rate for the amount levied and certified by the proper authorities of any such district for building purposes when added to the rate necessary to pay the maturing principal or sinking fund requirements of and interest on any such bonds equals or exceeds the maximum rate for building purposes which such district may levy under the provisions of paragraph (A) of this section, then the same shall be extended notwithstanding the fact that it does exceed the building rate, but in such event no building taxes shall be extended. In the event the rate for the amount

levied and certified by the proper authorities of any such district for building purposes is less than the maximum rate for building purposes which such district may levy under the provisions of paragraph (A) of this section, then the county clerk shall extend the rate necessary to pay such principal or sinking fund requirements and interest and reduce the rate for building purposes so that the rate for building purposes when added to the rate for payment of principal or sinking fund requirements and interest of bonds will not exceed the rate for building purposes as provided by paragraph (A) of this section. No deduction shall be made in the rate which may be extended for educational purposes by reason of any rate extended for payment of principal or interest of bonds."

Section 189 was amended three times by the Fifty-ninth General Assembly, but we held in *People* v. *Atchison, Topeka and Santa Fe Railway Co.* 370 Ill. 420, that House Bill No. 616 was the only one in effect. Prior to 1934, a school district could levy but two classes of taxes,—*i. e.,* for educational purposes and for building purposes. In 1934, the Fifty-eighth General Assembly amended section 189 by the passage of an act similar to the amendment of 1935, paragraph B of House Bill No. 616. (Laws of 1933-34, First, Second and Third Sp. Sess. p. 256.) Paragraph C, on page 259 of the Laws of 1933-34, just cited, provided: "When the county clerk determines the amount of taxes to be extended upon all of the taxable property in any school district having a population of less than 200,000 inhabitants he shall determine from the certified copies of bond resolutions filed in his office the amount necessary to pay the maturing principal of and interest on any bonds of such district and shall extend taxes in amounts sufficient to pay all principal and interest thereon which matures prior to the delinquent date of taxes to be realized from the next succeeding tax extension. If the sum of the amount levied and certified by the proper authorities of any such district

for building purposes and the amount necessary to pay the maturing principal of and interest on any such bonds exceeds the maximum rate for building purposes which such district may levy under the provisions of paragraph "A" of this section, then the county clerk shall deduct the amount necessary to pay such principal and interest from the maximum amount which such district may levy for building purposes under such paragraph "A" (without referendum, or in case a referendum has been had the amount authorized by such referendum) and shall extend for building purposes only the amount remaining after making such deduction."

It will be noted that by the 1935 amendatory act, House Bill No. 616, two important additions were made to the paragraph just quoted. One was that the tax to pay principal and interest on bonds was to be extended by the county clerk without any limitation "as to rate or amount." The other was the addition of the sentence to the effect that regardless of what bonds were outstanding and the amount necessary to pay principal and interest on bonds, no deduction was to be made from the tax levied for educational purposes. This court recognized the effect of the 1935 amendment to section 189 of the School law, in *People* v. *New York Central and St. Louis Railroad Co.* 368 Ill. 536, 546, where a levy to pay educational purpose bonds and interest, made in addition to the levy for educational purposes, was held not deductible from the maximum educational purpose rate.

The question in this case is what construction shall be given the 1935 amendment to section 189 of the School law in view of the 1934 amendment to that section and the prior law. Appellant says the building purpose bond part of the bond rate, and not the combined educational bond and building purpose bond rate, should be deducted from the building purpose rate as the section now stands. A maximum building purpose rate of 50 cents was authorized by referendum in school district No. 1, but the maximum in

the two other districts was that fixed by the statute. In district No. 1, 32 cents was levied for building purpose bonds and appellant says the levy of 18 cents for building purposes was legal. Appellee says no building purpose levy could be made because the 50-cent rate was exceeded when the 32 cents building purpose bond rate was added to the 39 cents educational purposes bond rate. A somewhat similar situation exists in the other two districts. In district No. 4, it is admitted out of the total bond rate of 58 cents, 25 cents was illegal because levied to pay bonds issued to pay outstanding tax anticipation warrants. This reduced the total bond rate to 33 cents and it is admitted that the county court of Alexander county was correct when it overruled appellee's objection to 4 cents of the building purpose levy.

Prior to the amendment of section 189 of the School law by the 1934 amendment and the 1935 amendment, House Bill No. 616, the law was clearly settled that a school district could levy but two classes of taxes,—to-wit, taxes for educational purposes and taxes for building purposes. If a school district had incurred bonded indebtedness for educational purposes, the tax to meet the principal and interest thereon had to be levied as an educational tax. The rule was identical as to building bonds and the building tax, but the tax for either educational or building purposes, whether or not it included any sum for bonded indebtedness, could not exceed the statutory rate. *People* v. *Illinois Central Railroad Co.* 337 Ill. 276; *People* v. *Chicago and Eastern Illinois Railway Co.* 338 id. 243.

The constitutional requirement of section 12 of article 9 that a rate to pay maturing principal and interest on bonds must be extended, is mandatory and self-executing. The result of this constitutional mandate, and the statutory limited rate of tax for educational purposes and building purposes, when coupled with the established legal doctrine that educational bonds must be met from educational taxes and

building bonds from building taxes, could lead to but one result, namely, that in those districts where bonded indebtedness had been incurred, either the rate for other educational purposes, or the rate for other building purposes, or both, would be reduced. It was this state of facts that confronted the General Assembly when it enacted the 1934 amendment.

By the first sentence quoted from paragraph B of House Bill No. 616 the county clerk is directed to extend a tax sufficient to pay principal, interest and sinking fund requirements of bonds of the school district falling due before the first delinquent tax date. We must note that all bonds are included in this sentence because no distinction is made as to either type of bonds. The pregnant terms are "of bond resolutions" and "any bonds," and by force of the very words used this sentence must be construed to embrace all bonds. The second sentence provides, that to pay all bond requirements, a separate and sufficient tax shall be extended without regard to rate or limit. The county clerk, therefore, has this imperative duty. The third sentence of the amendment requires the county clerk to add the rate for building purposes and the rate necessary to pay "any such bonds," "then the same shall be extended," but if the total equals or exceeds the rate for building purposes, then no building purposes tax shall be extended. The sentence is contradictory, in terms, but its meaning and import is somewhat clarified by the fourth sentence. This, in effect, provides that if there be bonded indebtedness, then the rate for building purposes shall be the difference between the legal maximum rate for building purposes and the rate for "bonds." The fifth sentence provides that no deduction shall be made in the rate for educational purposes by reason of any rate extended for "bonds."

The issue concerns the scope of the words "any such bonds," found in the third sentence, and "bonds" found in the fourth sentence of the amendment. Appellant contends

the wording refers only to building purposes bonds as the sentences deal specifically with the rate for building purposes.

We cannot agree with appellant's contention. The words, "any bonds," found in the first sentence, obviously mean both educational and building bonds. The next reference to bonds appears in the disputed third sentence and is "any such bonds." The word "such" is defined as "of the sort previously indicated or contextually implied; before mentioned; previously characterized or specified; of the same kind or class as something mentioned." In the case of *Integrity Mutual Ins. Co.* v. *Boys,* 293 Ill. 307, at page 313, this court said, "and by all definitions the word 'such' refers to something that has gone before. It may refer to a person or thing previously mentioned or may be used for purposes of comparison as to quality or character." In the instant case, giving the words, "any such bonds," their full and customary meaning, we conclude they refer to all bonds, both educational and building bonds.

Appellant says that the section is ambiguous, and cites cases in support of the statement that when the legislative intent can be gathered from a consideration of all the legislation on the subject, words may be modified, altered, added, or omitted, so as to obviate all inconsistencies with such intention. The legislative intent claimed by appellant is not indicated by the statute, but even if we sought to apply the rule contended for, we would run squarely into the established holding that taxing acts are construed, where there is uncertainty or ambiguity, in favor of the taxpayer.

Independent of this, the rule suggested does not apply, for it is apparent the legislature intended to reenact this section as it had stood after the 1934 amendment, and to make certain that there was to be no reduction in the educational purpose rate regardless of what bonds and interest rate had to be levied; that the levy necessary to meet installments of both kinds of bonds and interest was to be extended without regard to maximum rates, and that if the

necessary bond rate, when subtracted from the maximum building purpose rate of the particular district, (whether that rate was the statutory one or a higher rate resulting from a referendum), left a remainder, this part of the building purpose rate could also be levied.

For the reasons stated, the judgment of the county court of Alexander county is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MURPHY, dissenting.