(No. 25946.

THE PEOPLE *ex rel.* Harry F. Hartman, County Collector, Appellant, *vs.* THE TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, Appellee.

*Opinion filed December 16, 1940.*

R. W. GRIFFITH, State's Attorney, (HARRY FAULKNER, and S. S. DuHAMEL, of counsel,) for appellant.

KRAMER, CAMPBELL, COSTELLO & WEICHERT, (CARLETON S. HADLEY, H. F. DRIEMEYER, and M. L. BURROUGHS, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

In this cause the county court of Madison county sustained objections of appellee to taxes for the year 1938 levied for building purposes by the boards of education of school districts Nos. 126, 127 and 128, paid by appellee under protest, and ordered that the amounts objected to be refunded. This cause is here on appeal from the order of the county court.

The issue as to the particular levy by each of the school districts involves the interpretation of paragraph B, section 189 of the School law, (House Bill 616, Laws of 1935, p. 1352; Ill. Rev. Stat. 1939, chap. 122, par. 212, p. 2915;) and the validity of that portion thereof hereinafter italicized. Section 189 was amended three times in 1935. The result of the three amendments is the same as if House Bill 616 alone had been enacted. *People* v. *Atchison, Topeka and Santa Fe Railway Co.* 370 Ill. 420.

Paragraph A of section 189 provides for an annual levy for building and educational purposes and prescribes a maximum rate for each purpose. Paragraph B provides that as to school districts of less than 200,000 inhabitants, the county clerk shall determine from the copies of bond resolutions filed in his office the amount necessary to pay the maturing principal and interest on any bonds of such school district and extend a separate rate sufficient to pay the same up to the first delinquent .tax date without limita-

tion as to rate or amount, and *"If the rate for the amount levied and certified by the proper authorities of any such district for building purposes when added to the rate necessary to pay the maturing principal * * * and interest on any such bonds, equals or exceeds the maximum rate for building purposes which such district may levy under the provisions of paragraph (A) of this section, then the same shall be extended notwithstanding the fact that it does exceed the building rate but in such event no building taxes shall be extended."* It further provides that no deduction shall be made in the rate which may be extended for educational purposes by reason of any rate extended for payment of principal or interest of bonds.

Each of the districts had previously issued bonds for building and educational purposes. District No. 126 levied a rate of $.322 for building bonds, $.15 for educational bonds and $.178 for building purposes. The maximum rate for building purposes in this district is $.50. Appellee claims the aggregate rates for building purposes and for all bonds, including bonds for educational purposes, cannot exceed the maximum rate of $.50; that because the two bond rates aggregate $.472, it leaves only $.028 that could be levied for building purposes, and therefore the levy of $.178 for that purpose is excessive by $.15. The same contention is made as to the levies for building purposes in districts Nos. 127 and 128. In district No. 127 the combined rates levied for educational and building purpose bonds is $.60, and the maximum rate for building purposes is $.50. The rate of $.13, levied for building purposes, is claimed to be without authority. The same claim is made as to the rate of $.253 for building purposes in district No. 128, where the maximum for that purpose is $.375 and the combined rates levied for the two classes of bonds is $.435. District No. 127 maintains grades 9 to 12 in addition to grades 1 to 8, and the educational purpose rate is $2.25, but that has nothing to do with the question

here. The dates, amounts and character of the bond issues differ in each of the three districts, but only those for building and educational purposes are included in appellee's computation of the alleged excess rate. The method of calculation and the legal principle involved in each case is the same. It is, therefore, unnecessary to mention further details of differences in the three districts, except as hereinafter mentioned.

Appellant claims taxes for educational and building purposes are in addition to the separate rate for bonds provided for in paragraph B, and that section 189 must be construed in the light of its purpose, that of providing funds to maintain free schools, and to do so the statute as a whole, together with all laws in *pari materia,* are to be considered; and that to give the italicized portion of paragraph B the construction contended for by appellee will render the provision unconstitutional, as violative of section 1 of article 8 of the constitution, providing that the general assembly shall provide a thorough and efficient system of free schools.

Prior to the 1935 amendment of section 189 we repeatedly held that a school district may levy taxes for educational and building purposes only; that a bonded indebtedness incurred for building purposes must be paid out of the tax levied for building purposes, and if a bonded indebtedness is incurred for educational purposes the tax to meet it must be levied for educational purposes, and that the tax levied for either purpose, whether or not it includes any sum to be applied upon the bonded indebtedness, cannot exceed the maximum rate fixed by statute for such purpose. (*People* v. *Chicago and Eastern Illinois Railway Co.* 338 Ill. 243; *People* v. *Wabash Railway Co.* id. 382; *People* v. *Illinois Central Railroad Co.* 337 Ill. 276.) Section 189, as amended in 1935, does not authorize a levy of taxes to pay bonds. Paragraph A authorizes levies only for the two pre-existing purposes. The pro-

vision in paragraph B for extending a separate tax for bond purposes does not authorize the board of education to levy any new or separate tax and does not purport to do so. It merely relates to the duties of the county clerk in extending the taxes. The powers and duties of the board in relation to tax levies remain the same as they were prior to the amendment. The provision that the bond tax shall be extended without limitation as to rate or amount prevents any scaling down from impairing the obligation of the contract created by an existing bond issue. The possible scaling down of the other portion of such tax avoids a conflict with or an implied repeal of the statute fixing the maximum rate for building purposes.

If the statute be construed as contended for by appellant, a school district could issue bonds up to the constitutional limit and still levy the amount of the statutory maximum for building purposes. There is nothing in the act evidencing a purpose to grant such an enormous extension of the taxing power. By removing that possibility, there is little likelihood that a school district will employ such a method for educational purposes, because if expenditures for building purposes are limited, the necessary operating expenses, or in other words, the educational purposes, are correspondingly reduced, and there was no occasion for the legislature to make a provision for similarly reducing the educational levy. On the other hand, the obvious reason for exempting educational levies from such reduction is the universally-known world-wide depression that seriously hampers the collection of taxes, and the necessity of continuing to operate the public schools regardless of such conditions. That reason does not apply to a tax for .building purposes, which, with the exception of necessary repairs, may generally be deferred. Under such circumstances, if the General Assembly deemed it wise to enact legislation that, to a certain extent, would have the effect of limiting building activities, and at the same time

provide for funds to operate the existing facilities without the levy therefor being reduced by bond taxes, the result is not in violation of section 1 of article 8 of the constitution. The amount and rate of taxes to be levied are exclusively the province of the legislature and may be increased or decreased at pleasure. (*Mathews* v. *City of Chicago,* 342 Ill. 120; *People* v. *Board of Review,* 290 id. 467.) A limitation on a tax rate by the General Assembly is as valid and binding as though fixed by the constitution. *People* v. *Illinois Central Railroad Co.* 373 Ill. 523.

The language of section 189 is clear and unambiguous. The words "any such bonds" in the italicized portion refer to bonds previously mentioned in that section, which are "any bonds" and necessarily include bonds for both educational and building purposes.

Appellant claims the tax is valid under the act of June, 1940, (Laws of 1940, first spec. sess. p. 53,) validating refunding bonds of school districts and providing that the building tax shall not be reduced by reason of the extension of such tax to pay the principal and interest of such refunding bonds, notwithstanding any other law to the contrary. While district No. 127 has outstanding bonds to refund bonds issued for educational and building purposes, the computation of the excess rate objected to in this case does not include refunding bonds. The manifest intent of the legislature was to place refunding bonds in the same category as the original bonds and to prevent an additional reduction in the building tax on account of the refunding bonds. The validating act has no application here.

The expression in *People* v. *New York, Chicago and St. Louis Railroad Co.* 368 Ill. 536, that a reading of the three amendments shows no intention of the legislature that the levies for interest and principal of bonded indebtedness shall be within the maximum limit authorized for educational purposes, has no bearing on the issue here.

It is not contended by appellee that a levy for bonded indebtedness must be within the maximum limit for either educational or building purposes. The issue here concerns only the levy for building purposes over and above the levy for bonded indebtedness for both purposes. This question was so decided by this court in *People* v. *Mobile and Ohio Railroad Co.* 374 Ill. 376.

*People* v. *Illinois Central Railroad Co. supra,* was decided prior to the enactment of the 1935 amendment of section 189. Nothing said in that case tends to uphold appellant's claim that because the $.15 educational bond levy and the $1.02 educational levy in district No. 126 do not exceed the $1.50 maximum for educational purposes, the building purpose rate should not be reduced by the $.15 educational bond rate as required by the 1935 amendment.

The provision in paragraph A providing that the rates therein authorized for building and educational purposes "shall be in addition to the maximum of all other taxes which the school district * * * is now or may hereafter be authorized by statute to levy" cannot, by any logical construction, be deemed to be in addition to a "separate tax" provided for in paragraph B. The bond tax in paragraph B is not levied as a separate tax, but is merely to be extended separately.

Other tax statutes cited by appellant providing for the levy and extension of bond taxes without limitation as to rate or amount and in excess of taxes for educational and building purposes, apply to bond rates, and not to building purpose rates. The objections of appellee were correctly sustained.

The judgment of the county court is affirmed.

*Judgment affirmed.*