(No. 28262.—

THE PEOPLE *ex rel.* Lloyd Oller, County Collector, Appellee, *vs.* MISSOURI PACIFIC RAILROAD COMPANY, GUY A. THOMPSON, Trustee, Appellant.

*Opinion filed November 22, 1944.*

WHITNEL, BROWNING, LISTEMAN & WALKER, of East St. Louis, and DEWEY & CUMMINS, of Cairo, (T. T. RAILEY, of East St. Louis, of counsel,) for appellant.

M. J. O'SHEA, State's Attorney, PEYTON BERBLING, and D. B. REID, all of Cairo, for appellee.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

This is another case in the series of litigation involving an interpretation of section 189 of the School Law, and related statutes. More specifically, it arises through objections of defendant-appellant, Missouri Pacific Railroad Company, Guy A. Thompson, Trustee, to certain portions of 1942 taxes extended (and collected under protest) by

plaintiff-appellee, county collector of Alexander county, for school districts Nos. 1, 17 and 22. The county court overruled said objections and entered judgment against defendant, from which an appeal is taken direct to this court, public revenue being involved.

From an agreed statement filed in lieu of a transcript of the proceedings, it appears that the undisputed facts are these: In 1942 the county clerk extended rates of 35 cents (per $100 assessed valuation) for building purposes and 40 cents for refunding bond purposes, for district No. 1. For district No. 17 the rate was 37 cents for building purposes and 72 cents for refunding bonds. And for district No. 22 the building rate was 37 cents, while refunding bonds were allocated 20 cents. Taxes for educational purposes were also extended for each district but are not directly involved herein. Prior to 1942, district No. 1 had voted to increase its maximum building rate from 37½ cents to 50 cents, but in the other two districts the maximum building rate was the statutory 37½ cents. All three districts had issued refunding bonds, for which the above indicated refunding bond rates were extended pursuant to "An Act authorizing any county, township, city, village, incorporated town, school district, sanitary district, forest preserve district, or park district to issue refunding bonds and to provide for the levy of taxes for the payment thereof," approved and in force May 6, 1935, as amended. Ill. Rev. Stat. 1937, chap. 24, pars. 662.1 to 662.8.

In 1942, section 189 of the School Law, after directing the county clerk to determine the amount necessary to pay maturing principal and interest on any bonds of a school district of less than 200,000 inhabitants and extend a rate therefor, provided as follows (the italicized portions being an amendment of July 9, 1941, which is particularly important to our considerations): "* * * *provided, however, that if the bond and interest requirements equal or exceed the maximum building rate which the district may*

*levy under the provisions of paragraph (A) of this section, notwithstanding the provisions of paragraph (A), the county clerk shall extend in addition to the rate necessary to pay the bonds and interest or sinking fund requirements therefor, a rate not to exceed one-eighth (⅛) of one (1) per cent for building purposes.* In the event the rate for the amount levied and certified by the proper authorities of any such district for building purposes is less than the maximum rate for building purposes which such district may levy under the provisions of paragraph (A) of this section, then the county clerk shall extend the rate necessary to pay such principal or sinking fund requirements and interest and reduce the rate for building purposes *accordingly; provided, however, that in no case shall the building rate be reduced to less than one-eighth (⅛) of one (1) per cent, unless a lesser rate will produce the amount levied for building purposes by the district and the county clerk, in such case, shall extend a rate not to exceed one-eighth (⅛) of one (1) per cent for building purposes within the district, notwithstanding the fact that such rate exceeds the building rate which the district may levy under the provisions of paragraph (A) of this section.* No deduction shall be made in the rate which may be extended for educational purposes by reason of any rate extended for payment of principal or interest of bonds." Ill. Rev. Stat. 1943, chap. 122, par. 212.

By its objections in the county court, and here, appellant contends that under the above-quoted statute, if bonds of any kind have been issued by a school district, then the building rate should be calculated by deducting the rate necessary for bond purposes from the maximum building rate and reducing the building rate to such difference, but in any event, such reduced building rate to be not less than 12½ cents (unless a smaller rate would provide the needed revenue.) Applied to the instant case, such a construction would have this practical application (the first

figure being the maximum building rate and the second figure the refunding bond rate) : District No. 1, 50 cents — 40 cents = 10 cents for the building rate, which, by the saving provision of the statute, becomes 12½ cents; district No. 17, 37½ cents — 72 cents = 0 for the building rate, but which, by the saving provision, becomes 12½ cents; district No. 22, 37½ cents — 20 cents = 17½ cents as the building rate. It is the taxes represented by the difference between these allegedly correct building rates and the rates actually extended that appellant objected to and paid under protest.

Appellee's answer to the foregoing involves references to certain related statutes and a decision of this court. First, our attention is directed to the above-mentioned act of May 6, 1935, which permitted the issuance of refunding bonds by school districts and other corporate bodies, but also provided, as amended March 13, 1936: "The ordinance or resolution authorizing refunding bonds shall prescribe all details thereof and shall provide for the levy and collection of a direct annual tax upon all the taxable property within such municipality or taxing district sufficient to pay the principal thereof and interest thereon as it matures which tax shall be in addition to and exclusive of the maximum of all other taxes authorized to be levied by the municipality or taxing district. Tax limitations applicable to any such municipality or taxing district provided by other statutes shall not apply to taxes levied for payment of such refunding bonds." (Ill. Rev. Stat. 1937, chap. 24, par. 662.2.) Accordingly, appellee points out, it was held in *York Community High School Dist* v. *Wagemann,* 375 Ill. 193, that taxes for the payment of principal and interest on refunding bonds, issued under this statute, must be extended by the county clerk *in addition to and without reduction of the rate for building purposes.* This was on the theory that refunding bonds were in a different category from the usual building and educational bonds

and were to be paid by levies made without regard to the limitations imposed by section 189 of the School Law, as amended in 1941.

It is next suggested by appellee, however, that the refunding bond act of May 6, 1935, was repealed in 1941 along with the old Cities and Villages Act which, in fact, so appears from Ill. Rev. Stat. 1941, chap. 24, pars. 208-662.8. Even so, appellee states, all refunding bonds issued by school districts under the act of May 6, 1935, were validated by an act of the legislature on June 13, 1940, which had similar provisions for extending a separate tax unfettered by section 189 of the School Law, as appears from the following provisions: "* * * and it is hereby made the duty of the County Clerk or County Clerks wherein such school districts or any portion thereof is situated to annually extend taxes sufficient to pay the principal of and interest on said bonds as the same becomes due, in accordance with the provisions of the levy set out in the bond resolution or ordinance, and said tax shall be extended by such County Clerk or County Clerks in addition to and in excess of all other taxes any such school district is authorized to levy, and the building tax of any such school district authorized to be levied under the provisions of Section 189 of 'An Act to establish and maintain a system of free schools,' approved June 12, 1909, as amended, shall not be reduced by reason of the extension of such tax to pay the principal of and interest upon any such refunding bonds, notwithstanding any other law to the contrary." This last-quoted act does not appear to have been repealed and is set forth in Ill. Rev. Stat. 1943, chap. 122, par. 406.11. Appellee thus finally contends that by said validating act of June 13, 1940, the refunding bond taxes extended for the school districts here involved are entirely legal and the building rates need not be reduced under section 189 of the School Law.

Appellant replies that the so-called validating statute of June 13, 1940, is in fact a curative act which merely waived some requirement of the law with respect to past actions but cannot apply to situations arising after the passage of the act, which would be the case here if it were applied to taxes extended in 1942. In support thereof, it cites *People ex rel. Wangelin* v. *Pitcairn,* 371 Ill. 616, and *People ex rel. Mackay* v. *Chicago, Burlington and Quincy Railroad Co.* 305 Ill. 567, which do so hold as to curative acts. Furthermore, appellant urges, to hold that the act of June 13, 1940, applies to taxes levied after its passage would be to bar the legislature from amending section 189 of the School Law which specifically deals with the levy of taxes for school purposes.

Under the view we take of this case, it becomes unnecessary to decide the exact character or effect of said act of June 13, 1940. This follows from the fact, apparently overlooked by both parties to this suit, that while the refunding bond act of May 6, 1935, was repealed in 1941, it was immediately re-enacted in substantially similar language as a part of our School Law by act of the legislature approved August 15, 1941, effective January 1, 1942. Said new act now appears in Ill. Rev. Stat. 1943, chap. 122, pars. 327.69 to 327.76, and provides, in section 2: "The resolution authorizing the refunding bonds shall prescribe all details thereof and shall provide for the levy and collection of a direct annual tax upon all the taxable property within the school district sufficient to pay the principal thereof and interest thereon as it matures. Said tax shall be levied and collected in like manner as the general taxes for such school district and shall not be included within any limitation of rate for general purposes as now or hereafter provided by law but shall be excluded therefrom and be in addition thereto and in excess thereof."

The act contains eight sections, as did the original Re-Funding Bond Act of May 6, 1935, and a comparison of

the two shows striking similarities, particularly in the portions quoted herein as to extending a separate tax without limitation by other laws. The reason for the repeal and then a re-enactment under a different chapter of our laws arose out of the desire of the framers of the Revised Cities and Villages Act of 1941 to eliminate any provisions not strictly applicable to that title. Thus, six other acts, practically identical, except that each concerned only one of the governmental units specified in the original Refunding Bond Act, were passed by the legislature on the same 15th day of August, 1941. (See History of Revised Cities and Villages Act, Smith-Hurd Ill. Anno. Stats., chap. 24, § 1 to 21, pages xv and xvi of preface.)

The Refunding Bond Act of May 6, 1935, was fully construed by this court in *York Community High School Dist.* v. *Wagemann*, 375 Ill. 193, where we said: "The act of May 6, 1935, granting the power to issue refunding bonds treated solely of refunding bonds of municipalities. The second act under consideration [section 189 of School Law] concerned the original issue of school bonds and made no reference to refunding bonds. From this it can be logically inferred that the legislature intended that a procedure should be adopted for school bonds of original issue separate from that for refunding bonds." The same dispute here presented was, thus, resolved in favor of the refunding bond act over section 189 of the School Law by our conclusion that the legislature further intended, "* * * the county clerk should extend a tax sufficient to pay maturing obligations of the refunding bonds, and never intended that the building tax of school districts should be reduced to meet such refunding obligations."

Our decision in the *York case* was adopted on December 12, 1940, and it is true that the foregoing conclusion was based somewhat upon the above-mentioned validating act of June 13, 1940, although we held it not to be controlling there because passed after the litigation arose.

However, even though we entirely disregard said act now, the same legislative intent was manifested, by its subsequent re-enactment on August 15, 1941, of the Refunding Bond Act as paragraphs 327.69 to 327.76 of the School Law already referred to. We see no occasion to depart from the *York case* particularly in view of the last-mentioned act of the legislature. Furthermore, the *York case* should control here, for, as said in *People ex rel. Carnine* v. *Illinois Central Railroad Co.* 337 Ill. 276: "Where the legislature re-enacts a statute in substantially the same words as a former statute which has been judicially construed, it will be presumed that such statute was re-enacted in view of such construction. *Zakroczymski* v. *Zakroczymski,* 303 Ill. 264; *Spiehs* v. *Insull,* 278 id. 184; *McGann* v. *People,* 194 id. 526; *Kelley* v. *Northern Trust Co.* 190 id. 401."

For the same reason, appellant's contention that the amendment of July 9, 1941, to section 189 of the School Law was passed to avoid the effect of the *York case* is unsound. A more logical explanation appears to lie in our decision at the same term in the case of *People ex rel. Hartman* v. *Terminal Railroad Ass'n,* 375 Ill. 186. An amendment of July 11, 1935, to section 189 of the School Law was there involved, which for the first time provided that the building rate was to be affected by bond rates. The history of our recent interpretations of section 189 was stated as follows: "Prior to the 1935 amendment of section 189 we repeatedly held that a school district may levy taxes for educational and building purposes only; that a bonded indebtedness incurred for building purposes must be paid out of the tax levied for building purposes, and if a bonded indebtedness is incurred for educational purposes the tax to meet it must be levied for educational purposes, * * *. (*People* v. *Chicago and Eastern Illinois Railway Co.* 338 Ill. 243; *People* v. *Wabash Railway Co.* id. 382; *People* v. *Illinois Central Railroad Co.* 337

Ill. 276.)" We concluded that the purposes for which taxes could be extended remained the same and further held that the building rate, only, was to be reduced by the amount of the bond rates for both building and educational purposes or entirely eliminated if the maximum building rate was exceeded by the total of such bond rates.

More important to our present considerations is the fact that the *Terminal case* did not involve any tax extension for refunding bonds, as plainly appears from the following sentence on page 191 of the opinion: "While district No. 127 has outstanding bonds to refund bonds issued for educational and building purposes, the computation of the excess rate objected to in this case does not include refunding bonds." Nevertheless, by that opinion the plain wording of section 189 was confirmed and there arose the real possibility that no building rate could be extended for a particular district if its building and educational bond requirements exceeded the maximum building rate. Apparently desiring to remedy that situation, the legislature amended section 189 in 1941, as above indicated, in order that at least 12½ cents might be saved for building purposes. At any event we see no license for assuming that the 1941 amendment was made because of the *York case,* inasmuch as the legislature must have known of that decision and yet said nothing in said amendment about refunding bonds or the rates therefor. We must conclude that the legislature intended refunding bonds to be retired by the separate rate provided for in its latest enactment on August 15, 1941, of paragraphs 327.69 to 327.76 of the School Law hereinabove referred to.

This conclusion is further borne out by section 5 of the last-mentioned act, wherein it is provided: "Whenever refunding bonds are issued, proper reduction of taxes, theretofore levied for the payment of the bonds refunded and next to be extended for collection, shall be made by the county clerk upon receipt of a certificate signed by the

treasurer of the school district, or by the president and clerk or other corresponding officers of the school district, showing the bonds refunded and the tax to be abated." (Ill. Rev. Stat. 1943, chap. 122, par. 327.73.) Thus, the legislature again made plain its intention that refunding bonds are to be retired by a tax separate and distinct from the levies provided for by section 189 of the School Law.

The cases of *People ex rel. Hempen* v. *Baltimore and Ohio Railroad Co.* 379 Ill. 543, and *People ex rel. Miller* v. *Mobile and Ohio Railroad Co.* 374 Ill. 376, so strongly relied upon by appellant, are no more decisive here than the above-mentioned case of *People ex rel. Hartman* v. *Terminal Railroad Ass'n,* 375 Ill. 186, because only building and educational bonds were involved, not refunding bonds, the distinction being clearly pointed out in the *York case* and enlarged upon herein.

Appellee makes a further contention that appellant is precluded by the doctrine of *res judicata* from urging its objections herein because levies for building purposes were made in 1941 without similar objections, and for many years prior thereto no objections whatever were made although the same refunding bonds were being retired by taxes duly levied. Such argument is without force because there is neither identity of subject matter nor cause of action. This court has repeatedly held that a suit for taxes for one year is not the same as a cause of action for taxes for subsequent years. (*People ex rel. Lloyd* v. *University of Illinois,* 357 Ill. 369.) The questions presented are new and are entitled to the full consideration which we have given them.

For the reasons hereinabove set forth, rather than the grounds apparently considered controlling by the county court, the judgment below is affirmed.

*Judgment affirmed.*