(No. 29932.-

THE PEOPLE *ex rel.* Charles Hutchcraft, County Collector, Appellee, *vs.* LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Appellant.

*Opinion filed March 19, 1947.*

HAROLD BALTZ, of Belleville, for appellant.

JOHN M. ECKLEY, State's Attorney, of McLeansboro, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal from a judgment of the county court of Hamilton county overruling objections Nos. 18, 21, 25 and 28, as filed by appellant to the taxes or portions thereof extended for building purposes in school districts Nos. 5, 58, 85 and 180, which were levied and extended against its property for the year 1944. The litigants present their case as an agreed case under Rule 48 of this court, setting forth both facts and law reduced to writing signed by the attorneys for the respective parties and accompanied by the necessary affidavit.

The county clerk levied and extended taxes against the property of the appellant for the year 1944 in the respective taxing districts, for the purposes, and in the rates and for the amounts produced thereby as follows:

| District | Purpose | Equalized Valuation | Rate | Tax Extended |
|---|---|---|---|---|
| School Dist. No. 5 | Building | $ 56,976 | .30 | $ 170.93 |
| School Dist. No. 5 | Bonds & Int. | 56,976 | .32 | 182.32 |
| School Dist. No. 58 | Building | 371,670 | .38 | 1,412.35 |
| School Dist. No. 58 | Bonds & Int. | 371,670 | .12 | 446.00 |
| School Dist. No. 85 | Building | 72,602 | .38 | 275.89 |
| School Dist. No. 85 | Bonds & Int. | 72,602 | .60 | 435.61 |
| School Dist. No. 180 | Building | 22,838 | .18 | 41.11 |
| School Dist. No. 180 | Bonds & Int. | 22,838 | .35 | 79.93 |

In each of said districts the total maximum authorized rate for building purposes for all of the pertinent time involved herein is 37.5 cents. The objector paid under written protest 100 per cent of the above taxes in the manner provided in the Revenue Act, and paid all other taxes levied and extended against its property in said county for the year 1944.

The appellant, prior to the time fixed by law, in the proceedings for judgment for delinquent taxes by said collector for unpaid taxes extended for the year 1944, filed its written objections to portions of the rate extended and taxes produced thereby for building purposes in each of the above four districts, which are as follows:

"18. Of the rate of 30 cents levied and extended against its property in School District No. 5 for 'Building Purposes,' 17.5 cents thereof and the tax of $99.71 produced thereby is illegal, excessive and void in that inasmuch as the Building Bonds and Interest in said School District for said year required the extension of a rate of 32 cents, the maximum statutory rate that could have been legally extended for building purposes in said District for said year was 12.5 cents, as provided by the provisions of Chapter 122, Section 212, paragraph 'b' of the Illinois Revised Statutes."

"21. As an alternative objection to 12.5 cents of said rate of 38 cents levied and extended against its property in High School District No. 58 for 'Building Purposes' and the tax of $464.59 produced thereby, said rate and tax are illegal, excessive and void for the reason that a rate of 12 cents being required to be extended for Building Bonds and Interest in said District for said year, the maximum rate that could have been legally extended for Building purposes was 25.5 cents, as provided by Chapter 122, Section 212, paragraph 'b' of the Illinois Revised Statutes."

"25. Of the rate of 38 cents levied and extended against its property in School District No. 85 for 'Building Pur-

poses' 25.5 cents thereof, and the tax of $185.14 produced thereby, is illegal, excessive and void, inasmuch as the rate required for extension for Bonds and Interest is 60 cents, 'the statutory maximum rate that could have been extended for Building Purposes was 12.5 cents, in accordance with the provisions of Chapter 122, Section 212, paragraph 'b' of the Illinois Revised Statutes."

"28. Of the rate of 18 cents levied and extended against its property in High School District No. 180 for 'Building Purposes,' 5.5 cents thereof, and the tax of $12.56 produced thereby is illegal, excessive and void in that a rate of 35 cents was levied and extended for Bonds and Interest in said District, making the total maximum rate that could have been legally extended for Building Purposes 12.5 cents."

To be specific, the objection made by appellant to that portion of the building taxes as above set out is made in each case upon the proposition that having extended the rates as shown for building bonds and interest, no rates in excess of 12.5 cents could have been legally extended in districts 5, 85 and 180, and 25.5 cents in district 58, in accordance with the provisions of paragraph B, section 189 of the School Law, (Ill. Rev. Stat. 1943, chap. 122, par. 212,) which read as follows:

"B. When the county clerk determines the amount of taxes to be extended upon all the taxable property in any school district having a population of less than 200,000 inhabitants, he shall determine from the certified copies of bond resolutions filed in his office the amount necessary to pay the maturing principal of and interest on any bonds of such district and shall extend a separate tax sufficient to ·pay all principal and interest thereon which matures prior to the first delinquent date of taxes to be realized from the next succeeding tax extension of all interest and sinking fund requirements for the payment of principal which must be extended prior to said date. Said separate

tax shall be extended without limitation as to rate or amount. If the rate for the amount levied and certified by the proper authorities of any such district for building purposes when added to the rate necessary to pay the maturing principal or sinking fund requirements of and interest on any such bonds, equals or exceeds the maximum rate for building purposes which such district may levy under the provisions of paragraph (A) of this section, then the same shall be extended notwithstanding the fact that it does exceed the building rate; provided, however, that if the bond and interest requirements equal or exceed the maximum building rate which the district may levy under the provisions of paragraph (A) of this section, notwithstanding the provisions of paragraph (A), the county clerk shall extend in addition to the rate necessary to pay the bonds and interest or sinking fund requirements therefor, a rate not to exceed one-eighth (⅛) of one (1) per cent for building purposes. In the event the rate for the amount levied and certified by the proper authorities of any such district for building purposes is less than the maximum rate for building purposes which such district may levy under the provisions of paragraph (A) of this section, then the county clerk shall extend the rate necessary to pay such principal or sinking fund requirements and interest and reduce the rate for building purposes accordingly; provided, however, that in no case shall the building rate be reduced to less than one-eighth (⅛) of one (1) per cent, unless a lesser rate will produce the amount levied for building purposes by the district and the county clerk, in such case, shall extend a rate not to exceed one-eighth (⅛) of (1) per cent for building purposes within the district, notwithstanding the fact that such rate exceeds the building rate which the district may levy under the provisions of paragraph (A) of this section. No deduction shall be made in the rate which may be extended for educational purposes by reason of any rate

extended for payment of principal or interest of bonds." As amended by act approved July 23, 1943.

It is urged by the appellee that the words "the same" and "it," as used in the above section, refer to the certified building rate added to the bond rate, and that if the certified building rate and the bond rate combined equals or exceeds the ceiling building rate, both rates as certified must be extended; provided, if the bond rate alone equals or exceeds the ceiling building rate the clerk shall extend a rate not to exceed 12.5 cents for building purposes. Appellee's position is that both rates should be extended as certified unless the bond rate alone equals or exceeds the maximum . building rate. Appellant's construction of this language is that the words "the same" refer to the rate for bonds, and that this section requires the county clerk to extend a separate tax sufficient to pay all installments of bonds and interest and then deduct the necessary bond rate from the maximum allowable rate for building purposes in said district as fixed by the statute or referendum. If this leaves a remainder, a building-purpose tax may be levied not to exceed such remainder or such rate as may be required, whichever is the smaller, but in no event at a lesser rate than 12.5 cents unless a lesser rate be sufficient.

It is true the statute is not as clear as it should be as to the rate referred to, but we find the specific statement, "* * * then the same shall be extended notwithstanding the fact that it does exceed the building rate; provided, however, that if the bond and interest requirements equal or exceed the maximum building rate which the district may levy under the provisions of paragraph (A) of this section, notwithstanding the provisions of paragraph (A), the county clerk shall extend in addition to the rate necessary to pay the bonds and interest or sinking fund requirements therefor, a rate not to exceed one-eighth (⅛) of one (1) per cent for building purposes." From this language it seems that the intent and purpose is to extend

the bond rate, and, in any event, save 12.5 cents for building purposes. We find further, in the statute, the clear and specific provision that in the event the rate for the amount levied and certified by. the proper authorities of any such district for building purposes is less than the maximum rate for building purposes which such district may levy under the provisions of paragraph (A) of this section, then the county clerk shall extend the rate necessary to pay such principal or sinking fund requirements and interest, and reduce the rate for building purposes accordingly; provided, however, that in no case shall the building rate be reduced to less than one-eighth ($\frac{1}{8}$) of one (1) per cent.

Applying this latter provision to the present tax in school district No. 5, where a rate for building purposes of 30 cents was extended, and also a rate for bonds and interest of 32 cents, we find the extended building-purpose rate is less than the maximum rate of 37.5 cents, which is the rate for building purposes the district may levy. Under this situation, it is perfectly plain that the county clerk shall then extend the rate necessary for bonds and interest and reduce the rate for building purposes accordingly, but in no case shall the building rate be reduced to less than one-eighth ($\frac{1}{8}$) of one (1) per cent, unless a lesser rate will produce the amount as provided in the statute. As it was necessary to use 32 cents for the bond rate, a maximum of 5.5 cents was all that was available to come within the building rate of 37.5 cents, the maximum rate for building purposes. The statute provided, however, that in no case shall the building rate be reduced to less than 12.5 cents, which would leave the rate for building purposes in district No. 5, 12.5 cents. Under the plain language of this provision it hardly seems plausible that the legislature intended the reduction in the rate for building purposes to be made only when the bond and interest equaled or exceeded the maximum building rate.

It is a well-settled rule of statutory construction that, in construing statutes, the intention of the legislature will control and that the several provisions of the statute should be construed together in the light of the general purpose and object of the act, so as to give effect to the main intent and purpose of the legislature as therein expressed. *People ex rel. Curren* v. *Schommer,* 392 Ill. 17; *People ex rel. Rice* v. *Wilson Oil Co.* 364 Ill. 406; *People ex rel. Harding* v. *Goldberg,* 332 Ill. 346; *State Public Utilities Com.* v. *Monarch Refrigerating Co.* 267 Ill. 528; *People* v. *Price,* 257 Ill. 587.

The history of the legislation, considered with the objects to be accomplished and reading the entire section together, indicates its purpose. (*Morris* v. *Broadview, Inc.* 385 Ill. 228.) Before the 1941 amendment, which amendment remained in the 1943 act, section 189 of the School Law, as amended in 1935, required the county clerk to extend a separate tax sufficient to pay all installments of bonds and interest, and then deduct the necessary bond rate from the authorized maximum rate for building purposes (whether that rate was the statutory one or a higher rate resulting from a referendum,) and if this subtraction left a remainder, a building-purpose tax could also be levied not to exceed such remainder, but if the total amount necessary to meet principal and interest on bonds resulted in a rate greater than the maximum authorized for building purposes, then no building tax could be extended, any rate which could be levied and extended for building purposes being the difference between the legal maximum rate for such purposes and the rate for bonds. (*People ex rel. Miller* v. *Mobile and Ohio Railroad Co.* 374 Ill. 376; *People ex rel. Hartman* v. *Terminal Railroad Ass'n,* 375 Ill. 186; *People ex rel. Hempen* v. *Baltimore and Ohio Railroad Co.* 379 Ill. 543; *People ex rel. Henry* v. *New York Central Railroad Lines,* 381 Ill. 490.) Apparently desiring to remedy that situation, the legislature amended

section 189 in 1941, in order that at least 12.5 cents might be saved for building purposes.

Appellee in his brief confesses error and agrees that objection No. 25, as to the extended tax in school district No. 85, should have been sustained by the trial court, as under the objection raised there the building rate is limited to 12.5 cents, due to the fact that the rate for bonds equals or exceeds the building rate.

In accordance with our views of the statute involved, hereinbefore expressed, the county court erred in overruling appellant's objections to the portions of the taxes levied and extended against its-properties for 1944 in the respective school districts for building purposes. Therefore, the order of the county court is reversed and the cause remanded with directions to sustain appellant's objections.

*Reversed and remanded, with directions.*