(No. 15992.—Judgment affirmed.)
THE PEOPLE ex rel. Benjamin S. Bell, State's Attorney,
Appellee, vs. WILLIAM H. SCHILLINGER, Appellant.

*Opinion filed February 17, 1925.*

MUNICIPAL CORPORATIONS—*when city is not composed of portions of two or more townships within meaning of proviso to act of 1877—quo warranto.* The amendment of 1903 adding the proviso to the act of 1877 that whenever the territory of any city of 15,000 or more population is composed of portions of two or more townships it may be organized into a separate township does not permit the organization into a township of a city composed of one entire township and a portion of another, and any attempt to organize such a township is a nullity and a supervisor acting in such invalid township may be ousted by *quo warranto.*

APPEAL from the Circuit Court of Rock Island county;
the Hon. WILLIAM T. CHURCH, Judge, presiding.

BEN A. STEWART, CLARENCE J. SCHROEDER, and JOSEPH
P. KELLY, for appellant.

BENJAMIN S. BELL, State's Attorney, and KENWORTHY,
DIETZ, SHALLBERG, HARPER & SINNETT, (CYRUS E. DIETZ,
and J. J. NEIGER, of counsel,) for appellee.

Per CURIAM: December 11, 1923, there was filed in the
circuit court of Rock Island county by the State's attor-
ney an information in the nature of *quo warranto* charging
that appellant, William H. Schillinger, was then and there
usurping and unlawfully executing the office of supervisor
of Rock Island township. Thereafter appellant filed a plea
of justification, by which he alleged that the city council
of the city of Rock Island had theretofore unanimously
adopted a resolution requesting the board of supervisors of
Rock Island county to take the necessary steps to organize
the territory within the corporate limits of said city into a
new town, under the name and designation of "Rock Is-

land township;" that said board of supervisors at a special meeting in November, 1921, by resolution granted the request of the city council; that no other steps were taken to organize the new town with boundaries co-extensive with those of the city of Rock Island; that at a special meeting in January, 1922, the board of supervisors by resolution expunged from its records all the proceedings taken concerning the organization of the new town; that at the time of the passage of the resolutions by the city council and the board of supervisors the territory within the corporate limits of the city of Rock Island was composed of the entire town of Rock Island and a substantial portion of the town of South Rock Island, and that the population of said city was 35,000. In April, 1922, an election called by officers of the old town of Rock Island was held in the territory co-extensive with the territory of the city of Rock Island for the election of officers for Rock Island township. The supervisor then elected served until May, 1923, when he resigned and appellant was appointed to fill the vacancy. A general demurrer to the plea of justification filed by appellee was sustained and a judgment of ouster entered. This appeal followed.

Counsel for appellant say in their brief that "the decision in this case depends entirely upon the construction that this court will give to that part of the act of 1877 which was amended by the addition of the proviso by the amendatory act of 1903, which proviso reads as follows: *'And provided further,* that whenever the territory of any city of a population of not less than 15,000 shall be composed of portions of two or more townships, and shall by its council request, by resolution, the county board to organize it into a separate township, as aforesaid, and shall designate the name thereof, it shall be the duty of the county board to comply with such request and provide for such organization of said city into a new township under the name designated in such resolution of said city council.' "

Manifestly, the contention of appellant that the territory here in question is "composed of portions of two or more townships" cannot be sustained. The territory is composed of an entire town and a substantial portion of an adjoining town. A portion of a town is a part or fraction of the whole. Where only a portion of a town is taken there remains a town which under the laws of this State functions as a municipal corporation. Where, however, the whole town is taken it is destroyed, because no part of it is left to function. It is clear, therefore, that the attempt to organize Rock Island township under the provisions of the act above quoted was a nullity. Whether it has legal existence under any other section of the statutes with respect to the organization of towns is not presented for decision.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*