(No. 24887.—)
THE PEOPLE *ex rel.* William J. English, County Collector, Appellant, *vs.* THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Appellee.

*Opinion filed December 19, 1938—Rehearing denied Feb. 14, 1939.*

HARDY, HARDY & WITHERELL, for appellant.

NELSON & GUSTAFSON, EMMET TRAINOR, and WILLIAM J. MILROY, (CHARLES H. WOODS, of counsel,) for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

School District No. 181 in Knox county levied a tax of $11,000 for educational purposes in 1936. Defendant,

the Atchison, Topeka and Santa Fe Railway Company, paid its share of this tax under protest, and when application was made by the county collector for the sale of lands for the non-payment of taxes, filed objections to the levy. The county court of Knox county sustained the objections and ordered a refund of what it found to be excessive. The county collector has appealed directly to this court under section 75 of the Civil Practice act. Ill. Rev. Stat. 1937, chap. 110, par. 199.

The tax rate of School District No. 181, which has a population of less than 200,000 inhabitants, is governed by section 189 of the School act. (Ill. Rev. Stat. 1937, chap. 122, par. 212.) Prior to amendments enacted at the 1935 session of the General Assembly, this section contained three paragraphs. Paragraph "A" set a limitation on the tax rate for both educational and building purposes and provided that the rate for educational purposes might be increased beyond that limit by submission of the proposition to the voters of the district at an election to be held prior to July 1, 1934. Paragraph "B" of the section operated as a further limitation upon the maximum rate by providing that the amount of the levy for educational purposes should not exceed the average amount levied for such purposes during the last four school years completed on June 30, 1932, unless authorized by a referendum of the voters of the district. Paragraph "C" provided for the reduction, by the county clerk, of the levy for building purposes under certain circumstances. Because the average levy in this district for the four-year period ending June 30, 1932, was only $8250, and because no referendum was held under section 189, paragraph "B," defendant railway contends that the $11,000 levy in 1936 is excessive, and void in the amount of that excess.

The county collector claims that paragraph "B" of section 189 was repealed in 1935 when the legislature adopted three separate amendments to that section. House Bill 328,

which was passed by the House of Representatives June 13, and by the Senate June 26, and became law July 12, 1935, repeated the entire section 189 as it had stood previously with one alteration—in paragraph "A," the referendum date was extended from July 1, 1934, to July 1, 1937. Senate Bill 64, passed by the Senate May 15, and by the House of Representatives June 27, and approved by the Governor July 11, 1935, repeated section 189 as it stood prior to 1935 except that it entirely omitted paragraph "B." House Bill 616, passed by the House of Representatives June 26, and by the Senate June 28, and approved July 11, 1935, contained changes made by the other amendments, including the omission of paragraph "B," and also amended paragraph "C," designating it "B." This bill was the last of the three to be passed by the General Assembly but became law, along with Senate Bill 64, one day prior to House Bill 328. It is urged by the railway that the amendments are inconsistent and, therefore, the last one to be approved operates as a repeal of those previously enacted. If this view is correct, paragraph "B," limiting the school tax rate to the average levy of the four years ended June 30, 1932, is in effect and the railway is entitled to a refund.

It is firmly established in this State that in the construction of statutes the intent of the legislature shall be ascertained and given effect from a consideration of the act as a whole. (*Patterson Pie Co.* v. *Industrial Com.* 335 Ill. 476; *Glos* v. *Glos,* 341 id. 447.) Where two statutes passed by the same legislature are seemingly repugnant, they should be so construed, if possible, that the later act may not repeal the former by implication. (*People* v. *Wabash Railroad Co.* 276 Ill. 92.) However, when two inconsistent acts relating to the same subject matter are passed by the same legislature, the one passed later but going into effect earlier will prevail over the one passed earlier but going into effect later. (*People* v. *Wabash Railroad Co. supra.*) Senate Bill 64 amended the section by striking out paragraph "B." House Bill 328, introduced about the same time, contained

an amendment to paragraph "A" changing the referendum date. The latter bill retained paragraph "B." The third amendatory act, House Bill 616, merely repeated what had already been done with paragraph "A," omitted former paragraph "B" and, for the first time, amended paragraph "C," designating it paragraph "B." The result of these three amendments, therefore, is the same as if House Bill 616 alone had been passed. It follows that paragraph "B" of the act as it stood prior to 1935 is no longer a part of section 189. That this conclusion represents the intent of the legislature is indicated by the fact that the General Assembly passed Senate Bill 64 and House Bill 616, both omitting paragraph "B," after it enacted House Bill 328.

The defendant railway relies on *People* v. *Baltimore and Ohio Southwestern Railroad Co.* 366 Ill. 318, for a contrary interpretation. In that case the legislature amended section 25 of the Counties act three times at the same session. The first amendment set out the original act in full and excepted only the tax for blind pensions from operation of the maximum rate. The second amendment set out the original act in full and excepted only the pauper relief tax, making no mention of the blind pension exception. The third amendment again set out the original act in full but this time excepted only the tax for the mothers' pension fund, and made no mention of the two previous exceptions. This court held that the three amendatory acts were "repugnant as to the subject matter of exceptions" and applied the well-known rule that if inconsistent acts be passed at different times, the last one is to be obeyed. (*People* v. *Illinois Central Railroad Co.* 295 Ill. 408; *Huston* v. *Newgass*, 228 id. 575.) It is clear that the decision relied on does not support the contention of the defendant railway company.

The judgment of the county court of Knox county is reversed and the cause is remanded, with directions to enter a judgment in conformity with this opinion.

*Reversed and remanded, with directions.*