People of the State of Illinois ex rel. Village of Hinsdale, Appellants, v. Board of Supervisors of Du Page County, Illinois et al., Appellees.

Gen. No. 9,577.

Opinion filed April 12, 1941.

MALCOLM MECARTNEY, of Hinsdale, for appellants.

Russell W. Keeney, State's Attorney, for certain appellees; Joel Baker, William E. Hooper and Thomas H. Price, Assistant State's Attorneys, of counsel.

Bunge & Bunge, of Downers Grove, for certain other appellee; Gordon C. Bunge, of counsel.

Mr. Justice Dove delivered the opinion of the court.

The Village of Hinsdale filed its petition in the circuit court of Du Page county for a writ of mandamus seeking to compel the board of supervisors of that county to consider and act upon a resolution of the Village of Hinsdale requesting the county board to provide that the portion of the territory of the village located in Du Page county be organized into a town under the provisions of the Township Act of May 23, 1877, as amended. (Ill. Rev. Stat. 1939, ch. 139, par. 127 *et seq.* [Jones Ill. Stats. Ann. 133.131 *et seq.*]) On motion of the county board and the town of Downers Grove, in which the territory is situated, the petition and the cause were dismissed. This appeal is from the judgment of dismissal.

Prior to the year 1917 the village was located wholly in Downers Grove township. In that year certain territory in Lyons township in Cook county was annexed to and remains a part of the village. The territory of the village in Du Page county has a population in excess of seven thousand, and constitutes approximately five-sixths of the village area. That part of the village in Cook county has a population of less than five hundred inhabitants.

Upon presentation of the request of the village, the county board passed a resolution reciting that whereas the village is situated partly in Du Page county, and partly in Cook county, and "Whereas, it appears to this County Board that it has no legal authority to consider said request or to organize as a town said ter-

ritory embraced within the Village of Hinsdale in said Du Page County; BE IT RESOLVED by the County Board of Du Page County that said request of the Village of Hinsdale as contained in said resolution be not considered by this Board and that no action be taken thereon, for the reason that this Board has no legal authority to consider such request or to organize a town pursuant thereto.''

Appellant's claims are predicated upon section 1 of the act mentioned, the invoked portion of which provides: ''That the county board, in any county under township organization, may provide that the territory embraced within any city in such county shall be organized as a town; provided, such territory shall have a population of not less than three thousand; and provided, the city council in such city shall, by resolution, request such action by the county board.'' The word ''city'' as used in the statute includes an incorporated village. (*People v. Grover,* 258 Ill. 124.)

Appellant concedes that under this section the entire territory of the village located in both counties could not be organized as a single town, but contends that the section means that village territory with the required population lying in one county may be so organized, even though other territory of the village lies within another county; and that otherwise the statute would be unconstitutional as special legislation. Appellees claim the section contemplates that only an entire city or village may be so organized, which is impossible where the village lies in two counties, and that the statute does not offend the constitutional provision mentioned. It is a fundamental rule of statutory construction that in determining the meaning of a particular section or part of a statute and the intent of the general assembly, the whole of the act and all acts in *pari materia* are to be taken into consideration. (*People ex rel. English v. Atchison, T. &*

*S. F. Ry. Co.,* 370 Ill. 420; *People v. Clampitt,* 362 Id. 534.)

Section 20 of the original act of 1874 for the organization of the territory of a city into a township provided: ''When in any county under township organization, there is any territory co-extensive with the limits of a city situated therein, and which is not included within any organized town, such territory shall constitute a town by the name of such city, and all the provisions of this act shall apply to the town so constituted, the same as if it had been organized in the manner provided in this act in the case of the organization of new towns.''

In 1877 the general assembly enacted the statute here in controversy. Section 1 is quoted above. Section 2 of the act provides: ''The territory of any city now organized,. within the limits of any county under township organization, and not situated within any town, shall be deemed to be a town.'' This is in effect, the same as the original act of 1874. The obvious distinction between section 1 and section 2 of the act of 1877 is that section 2 applies to only such cities as are not situated within any town, while section 1 applies to cities within an organized town.

In *People v. Brayton,* 94 Ill. 341, it was held that section 1 was intended to supply a supposed omission in the statute, and the court said in the course of the opinion: ''Section 1 of the act of 1877 authorizes the county board to organize a town from territory composed of a city when the city has a population of not less than three thousand inhabitants . . . . In other words, where a town organized under the township organization law contained within its limits a city with a population of not less than three thousand inhabitants, the county board was authorized to establish a town out of the territory embraced within the city.''

The *Brayton* case, *supra,* was followed in *People v. Hazelwood,* 116 Ill. 319, wherein the language used in the *Brayton* case was repeated, and the court held that the only instance in which the words employed in section 1 can have their full meaning is where the limits of the city and the township are coextensive. That this is the logical and true construction of the meaning of section 1 and the legislative intent is further evidenced by the terms of a third proviso to the section added by the legislature in 1903. This last proviso reads: "*And provided further,* that whenever the territory of any city of a population of not less than fifteen thousand shall be composed of portions of two or more townships, and shall by its council request, by resolution, the county board to organize it into a separate township, as aforesaid, . . . , it shall be the duty of the county board to comply with such request and provide for such organization of said city into a new township . . . ." This proviso was enacted after the two decisions above mentioned. The general assembly is presumed to have known those decisions held that section 1 applied only to cities where the limits were coextensive with the limits of the township wherein the city was located, and to have intended to change the law so as to permit the organization of a single township from a city comprising portions of two or more townships. This is the only provision of the statute for organizing a township from a city composed of portions of townships, and being limited to cities of not less than fifteen thousand inhabitants has no application here. It is further to be noticed that this proviso still contemplates the whole city, and not merely a portion thereof, can be organized into a township. Under this proviso the Supreme Court held invalid an attempted organization of a township from a city comprising an entire township and a portion of another. (*People v. Schil-*

*linger,* 315 Ill. 621.) This illustrates the rule that county boards may exercise only such powers as are specifically delegated by the statute, or as are necessarily incidental thereto. (*Goodwine v. Vermilion County,* 271 Ill. 126; *LeFevre v. Lee County,* 353 Id. 30.) The portion of section 1 relied upon by appellant relates only to "the territory embraced within any city in such county," and no mention is made of a portion of such territory or of such city. By all rules of construction the words "in such county" refer back to the first antecedent "any city" and not to the preceding word "territory." The wording clearly means a city located in such county, and cannot be interpreted to mean that it contemplates organizing city territory located in one county, when the city is located in two counties.

Other sections of the same act further demonstrate the legislative intent in accordance with the contention of appellees. Section 4 provides that the powers previously vested in the highway commissioners of the town shall be exercised by the city council. Section 5 permits the consolidation of certain town and city offices, and discontinues the office of highway commissioner. Section 7 authorizes the city council to fill vacancies in town offices. It is only necessary to note the confusion which would arise by conflict of authority in cases where part of a city comprising part of a township would be organized into another township, leaving out a part of the city comprising part of another township in another county, to see that the legislature manifestly did not intend to create such a situation. There is no provision of the statute which expressly or by necessary implication provides for the organization of a township such as is sought by appellant. The fact that the whole village was located in one township in Du Page county prior to 1917 in no way tends to support appellant's claim under the

circumstances existing at the time the request was filed with the county board, which is governed by the law applicable to the facts at the time the request is made.

The two townships and the village in which they are located are governed by three sets of officials. If the village territory in Du Page county be organized into a township there would be four sets of officials to govern the same area as before, with the resulting confusion mentioned; and if the unorganized territory of the village in another county, comprising part of a township and containing the requisite population, was in turn organized into another township, there would be five sets of officials. On the other hand, if a whole village in a township with coextensive limits is organized, the number of officials is reduced and the expenses correspondingly lessened. This was the main object of the law. (*People v. Hazelwood, supra.*) These facts, and the resultant conflicting authority, if a township could be organized as claimed by appellant, are an additional reason for construing the provision in controversy as being limited to cities in townships with coextensive boundaries. By prosecuting an appeal to this court, appellant has waived any question as to the constitutionality of the statute. (*People v Terrill,* 362 Ill. 61; *People v. Rosenthal,* 370 Id. 244.)

The claim that the county board should be required to exercise its discretion and pass upon the request of the village, is equally without merit. Even if by a technical construction it can be said the board did not act upon the request, it had no power to grant such a request. While as a general rule mandamus will lie to compel the exercise of a discretionary duty, but not in any particular way (*People v. Potts,* 264 Ill. 522), that principle of the law is not applicable here, because the county board had no discretion in the matter. Any action by it could only deny the request and could not be any avail to appellant. It would

be an absurdity to compel the board to perform a useless act merely to make a record of the denial of a claimed right not possessed by appellant under the law. The law is well settled that unless the right of a relator is clear and undeniable, and the party sought to be coerced is bound to act, mandamus will be denied. (*People v. Dubois,* 33 Ill. 9; *Coughlin v. Chicago Park District,* 364 Id. 90.) While the county board declined to formally pass upon the request of the village, it did so because it correctly determined it had no legal authority to organize the territory in controversy into a township. This was in effect a denial of the request, and accomplished all that the writ could possibly do. The circuit court correctly dismissed the petition and the cause. The judgment is affirmed.

*Judgment affirmed.*