(No. 29836.

THE PEOPLE *ex rel.* Victor L. Schlaeger, County Collector, Appellant, *vs.* HAROLD C. MATTES, Appellee.

*Opinion filed January 22, 1947—Rehearing denied March 17, 1947.*

WILLIAM J. TUOHY, State's Attorney, (JACOB SHAM-
BERG, GORDON B. NASH, and JOSEPH H. O'CONNOR, of
counsel,) all of Chicago, for appellant.

SCOTT, MACLEISH & FALK, (ROBERT S. CUSHMAN,
and JOHN J. O'BRIEN, JR., of counsel,) all of Chicago,
for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

By this direct appeal, the revenue being involved, the
appellant seeks reversal of a final judgment entered by the
county court of Cook county, sustaining objections of
appellee and refusing judgment for all the 1942 corporate
fund taxes of the county of Cook in excess of 32 cents on
each $100 of assessed valuation.

The formal objection filed by appellee quite clearly sets
forth the issue in controversy:

"1. That the County of Cook levied $9,000,000 for cor-
porate fund purposes for the year 1942 and the County
Clerk extended a tax rate thereon of $.386319 on each
$100 of assessed valuation under the purported authority
of Laws of 1941, Vol. I, page 516, (Senate Bill 618,),
which amended Section 25 of the Counties Act, which
amendment was passed by the General Assembly prior to
6:00 P.M. on June 30, 1941;

"2. That after 11:30 P.M. of the same day the Gen-
eral Assembly passed another amendment to Section 25

of the Counties Act (Laws 1941, Vol. I, page 520,) which limited the maximum tax rate for county corporate purposes to $.32 on each $100 of assessed valuation (House Bill No. 383) and that the last amendment is controlling.

"3. That the 1942 corporate fund taxes of the County of Cook are excessive, illegal and void in the amount of $.066319 on each $100 of assessed valuation, being the difference between the legal rate of $.32 and $.386319, the rate extended."

The intent and purpose of section 25 of the Counties Act is to fix a limitation on the rate to be extended for county purposes. Prior to the legislative session of 1941, section 25 provided for "taxes for county purposes * * * in counties having 500,000 or more inhabitants not exceeding twenty-five (25) cents on the one hundred dollars' valuation for the year 1929, not exceeding thirty-two (32) cents on such valuation for the year 1930 and each even numbered year thereafter, and not exceeding twenty-eight (28) cents on such valuation for the year 1931 and each odd numbered year thereafter." Ill. Rev. Stat. 1939, chap. 34, par. 25.

At the 1941 session of the legislature there were introduced four different bills, each amending in some particular said section 25.

Senate Bill No. 116 sought to amend section 25 by giving the county boards power to erect and operate radio broadcasting stations for police purposes. It retained in section 25 the same tax rates for counties having a population of 500,000 or more inhabitants that were in the law prior to the legislative session of 1941. It was passed and approved by the Governor on May 12, 1941.

House Bill No. 840 sought to amend section 25 in the matter of poor-relief expenses. It retained the same tax rates in the law which existed prior to the legislative session of 1941. It was finally passed on June 20, 1941, and approved by the Governor on July 1, 1941.

House Bill No. 383 sought to amend section 25 by excepting from the county-corporate tax limits taxes authorized for county library systems. It also included the added power to maintain and operate radio broadcasting stations for police purposes. It also retained in section 25 the same tax rates for counties that were in the law prior to the legislative session of 1941. It was finally passed by the House on June 30, 1941, at a session which commenced at 11:30 P.M. on June 30, and was approved by the Governor on July 21, 1941.

Senate Bill No. 618 sought to amend section 25 in the matter of the tax rate for county purposes and to change the rate in counties having 500,000 inhabitants or over. The bill provided for a tax "not exceeding twenty-five (25) cents on the one hundred dollars' valuation for the year 1929, not exceeding thirty-two (32) cents on such valuation for the year 1930 and each even numbered year thereafter, but, for the year 1942, at such rate of thirty-two cents (32) or at a rate which when extended will produce an amount not to exceed $9,000,000, whichever may be the greater; and not exceeding twenty-eight (28) cents on such valuation for the year 1931 and each odd numbered year thereafter including the year 1941, and for the year 1943 and each odd numbered year thereafter at the rate of twenty-five (25) cents or at a rate that will produce when extended an amount not to exceed $7,300,000, whichever may be the greater." (Laws of 1941, p. 517.) The bill was passed by the General Assembly at the afternoon session on June 30, 1941, and sent to the Governor who returned the bill without his signature so that it became a law through lapse of time and later than July 21, 1941.

It is the contention of the appellant that Senate Bill 618 is a new and specific enactment in regard to the county corporate tax rate for the year 1942. He asserts that the situation present in the instant case is a direct parallel to the situation in the case of *People* v. *Lloyd,* 304 Ill. 23,

and upon which he primarily relies. In the *Lloyd case* two amendments to section 46 of the Criminal Code were passed by the 51st General Assembly in session during the year 1919. One amendment changed the pre-existing law as to the penalty for conspiracy and the other amendment excepted farmers from the operation of section 46. It was there contended that when the Governor signed the amendment exempting farmers, the new penalty for conspiracy provided in the other amendment was repealed. Final legislative action on both bills took place on the same day. This court refused to adopt that theory and held that the General Assembly intended to enact two separate and unrelated laws, one relating to the penalty and the other removing the activities of farmers from the operation of the section. It is plain there was no conflict and no repugnancy between the two amendments in that case. In *Buchsbaum & Co. v. Gordon,* 389 Ill. 493, it was held that the two amendments in controversy were not so inconsistent and irreconcilable that both could not stand and be given effect.

In the present case that statement does not obtain because Senate Bill 618 and House Bill 383 both purport to increase the 1942 corporate tax limit applicable to Cook county in different amounts and in different ways. The two amendments thus being in conflict are so inconsistent that both cannot operate and be given effect. This court has consistently held that if the two amendments cannot both be given effect, the later amendment in point of time controls. *Buchsbaum & Co. v. Gordon,* 389 Ill. 493; *People ex rel. Hines* v. *Baltimore and Ohio Southwestern Railroad Co.* 366 Ill. 318.

In this case the controversy arises as to which amendment was passed last. The appellant insists that House Bill 383 became a law on the date it was signed by the Governor, July 21, 1941, and that Senate Bill 618 became a law at a later date and must prevail. It is his position

that it is the dates when several acts become law which determines which is the later act. The appellee argues that when two conflicting amendments to the same section of a statute are adopted at the same session of the General Assembly, the amendment last enacted by the General Assembly controls. As above noted Senate Bill 618 was passed by the General Assembly on the afternoon of June 30, 1941, and House Bill 383 at the night session of the General Assembly on the same date.

The position of appellee appears to have support in some of our previous decisions. In the case of *People ex rel. English* v. *Atcheson, Topeka and Sante Fe Railway Co.* 370 Ill. 420, where three conflicting amendments to section 189 of the School Law were all adopted at the 1935 General Assembly, in passing upon a situation similar to the one presented by this record, the court said: "However, when two inconsistent acts relating to the same subject matter are passed by the same legislature, the one passed later but going into effect earlier will prevail over the one passed earlier but going into effect later." The same language was used and adopted in *People ex rel. Davis* v. *Wabash Railroad Co.* 276 Ill. 92.

In *People ex rel. Kell* v. *Kramer,* 328 Ill. 512, and *People ex rel. Martin* v. *Village of Oak Park,* 372 Ill. 488, the cases relied upon by appellant, the exact question presented here does not appear to have been raised or considered in either case. In neither case was the order in which the conflicting acts were passed by the General Assembly in any manner argued or determined. In each case two different acts of the General Assembly were in conflict but there does not appear to have been any dispute as to which act was last passed.

It is well settled that where acts are passed at the same session, containing conflicting provisions, the whole record of the legislation will be examined in order to ascertain the legislative intent, and in all cases the primary question

is the intention of the legislature, rather than the technical priority of the passage of the acts. *Buchsbaum & Co.* v. *Gordon,* 389 Ill. 493. We believe the intention of the legislature can more nearly be ascertained from its last expression rather than from the order in which the bills are signed or not signed by the Governor.

Appellant further contends that any fraction of a day is deemed a day and acts done or events occurring during the day are presumed to have been done or occurred at the same time. Assuming the accuracy of such suggestion, we do not feel that it would be an aid to the position of appellant here because if both acts were adopted by the General Assembly at the same time, because of their repugnancy they would be void and the pre-existing tax rate of 32 cents on each $100 of assessed valuation for Cook county for the year 1942, an even numbered year, would be the law and should be applied, thereby rendering all the 1942 Cook county corporate fund tax rate in excess of that amount invalid.

The judgment of the county court of Cook county must, therefore, be affirmed.  *Judgment affirmed.*