(No. 4493—

HOMER GARROTT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 13, 1952.*

PAUL D. REESE, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; CHARLES H. EVANS, Assistant Attorney General, for Respondent.

DELANEY, J.

Homer Garrott, claimant, filed his claim herein on February 11, 1952, alleging that on February 27, 1951, he was employed by the Department of Public Works and Buildings, Division of Highways, as a flagman. On that day, claimant was struck by an automobile on U. S. Highway No. 51, approximately one-half mile south of the Village of Cobden, Illinois, and sustained serious injuries, as a result thereof.

The record consists of the complaint, motion of respondent to dismiss filed on February 15, 1952, and objections or suggestions of claimant in opposition to the motion of respondent to dismiss.

This cause now comes before the Court on a motion of respondent to dismiss by the Attorney General, who alleges that the Court has no jurisdiction, since it is

'apparent upon the face of the complaint that the claimant is basing his cause of action upon the Workmen's Compensation Act.

Claimant bases his claim upon House Bill No. 900, which was an Act to amend certain sections of the Court of Claims Act, passed by the Sixty-Seventh General Assembly of the State of Illinois, and approved on the 16th day of July, 1951, which reads as follows:

"Be it enacted by the People of the State of Illinois, represented in the General Assembly:

SECTION 1. Sections 2 and 8 of "An Act to create the Court of Claims, to prescribe its powers and duties, and to repeal an Act herein named", filed July 17, 1945, are amended to read as follows:

2. Upon the expiration of the terms of office of the incumbent judges the Governor shall appoint their successors by and with the consent of the Senate for terms of 2, 4 and 6 years commencing on the third Monday in January of the year 1953. After the expiration of the terms of the judges first appointed pursuant to the provisions of this amendatory Act, each of their respective successors shall hold office for a term of 6 years and until their successors are appointed and qualified.

8. The Court shall have jurisdiction to hear and determine the following matters:

A. All claims against the State founded upon any law of the State of Illinois, or upon any regulation thereunder by an executive or administrative officer or agency.

B. All claims against the State founded upon any contract entered into with the State of Illinois.

C. All claims against the State for damages in cases sounding in tort, in respect of which claims the claimants would be entitled to redress against the State of Illinois, at law or in chancery, if the State were suable, and all claims sounding in tort against the Board of Trustees of the University of Illinois; provided, that an award for damages in a case sounding in tort shall not exceed the sum of $7,500.00 to or for the benefit of any claimant. The defense that the State or The Board of Trustees of the University of Illinois is not liable for the negligence of its officers, agents, and employees in the course of their employment shall not be applicable to the hearing and determination of such claims.

D. All claims against the State for personal injuries or death arising out of and in the course of the employment of any State employee and all claims against The Board of Trustees of the University of Illinois for personal injuries or death suffered in the course of, and arising out of the employment by The Board of Trustees of the University of Illinois of any employee of the University, the determination of which shall be in accordance with the substantive provisions of the Workmen's Compensation Act or the Workmen's Occupational Diseases Act, as the case may be.

E. All claims for recoupment made by the State of Illinois against any claimant."

House Bill No. 1078, a further amendment to certain sections of the Court of Claims Act, passed by the Sixty-Seventh General Assembly of the State of Illinois, and approved on July 11, 1951, contains the following:

"Be it enacted by the People of the State of Illinois, represented in the General Assembly:

SECTION 1. Section 8 of "An Act to create the Court of Claims, to prescribe its powers and duties, and to repeal an Act herein named", filed July 17, 1945, is amended to read as follows:

8. The Court shall have jurisdiction to hear and determine the following matters:

A. All claims against the State founded upon any law of the State of Illinois, or upon any regulation thereunder by an executive or administrative officer or agency, other than claims arising under the Workmen's Compensation Act or the Workmen's Occupational Diseases Act.

B. All claims aganist the State founded upon any contract entered into with the State of Illinois.

C. All claims against the State for damages in cases sounding in tort, in respect of which claims the claimants would be entitled to redress against the State of Illinois, at law or in chancery, if the State were suable, and all claims sounding in tort against The Board of Trustees of the University of Illinois; provided, that an award for damages in a case sounding in tort shall not exceed the sum of $2,500.00 to or for the benefit of any claimant. The defense that the State or The Board of Trustees of the University of Illinois is not liable for the negligence of its officers, agents, and employees in the course of their employment shall not be applicable to the hearing and determination of such claims.

D. All claims for recoupment made by the State of Illinois against any claimant.

2. This amendatory Act of 1951 shall not affect any action or claim pending in the Court of Claims at the time it takes effect and all such actions or claims shall be disposed of in the manner provided for before such effective date."

The claimant contends that where two or more amendments to the same section of the Statute, or subject, are passed at the same session of the General Assembly, which are inconsistent or repugnant, the amendment last passed prevails, and is the law, as it is the last expression of the Legislature, which is given effect.

In the Illinois Supreme Court case of *People ex rel Schlaeger, County Collector* vs. *Mattes,* decided on January 22, 1947, 396 Ill. 348, 71 N.E. (2d) 690, Justice Fulton said:

"It is well settled that where acts are passed at the same session, containing conflicting provisions, the whole record of the legislation will be examined in order to ascertain the legislative intent, and in all cases the primary question is the intention of the Legislature, rather than the technical priority of the passage of the acts."

The Court feels that it was the intention of the Sixty-Seventh General Assembly to remove claims arising under the Workmen's Compensation Act and the Occupational Diseases Act to the Industrial Commission and that it no longer has jurisdiction to determine claims, which fall in these categories.

For the reasons stated, the motion of the Attorney General to dismiss must be sustained.

Cause dismissed.