(No. 35731.—

JOSEPH ALSPERGER, Appellant, *vs.* THE ROUND LAKE SANITARY DISTRICT *et al.,* Appellees.

*Opinion filed May 18, 1960.*

FINN AND GEIGER, of Waukegan, (FRED GEIGER, of counsel,) for appellant.

JOSEPH N. SIKES, of Gray's Lake, for appellee The Round Lake Sanitary District, and LEON KETCHAM, and ROBERT E. DOLPH, of Aurora, for other appellees.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

The question raised by this appeal is whether a sanitary district incorporated under section 1 of the sanitary district act of 1917, (Ill. Rev. Stat. 1957, chap. 42, par. 299) may exceed the 2½% debt limitation imposed on certain municipal corporations by section 1 of the Limitation on Indebtedness Act, (Ill. Rev. Stat. 1957, chap. 113, par. 44,) without having the question of exceeding such limitation first submitted to the voters of the district and carried pursuant to section 1.15 of that act. (chap. 113, par. 44.15b.) The circuit court of Lake County held that a referendum on that question was not necessary because section 1.15 had been impliedly repealed by section 1.16 of the same act. (chap. 113, par. 44.15c.) The appeal is directed to this court because the validity of a statute is involved.

There are no disputed facts in this case. In September, 1959, the circuit court of Lake County ordered the board of trustees of the Round Lake Sanitary District to abate a nuisance within that district caused by the overflow and discharge of untreated or inadequately treated raw sewage into the public waters of the State. To comply with this decree it is necessary that additions and improvements to the sewage disposal facilities of the district be constructed and that money be borrowed for that purpose. The board of trustees therefore passed an ordinance authorizing the issuance of general obligation bonds of the district in the

amount of $490,000. The issuance of such bonds will raise the district's indebtedness to $692,000 or 4.3% of the assessed valuation of the taxable property in the district. The plaintiff, a taxpayer of the district, seeks a declaration as to the district's authority to exceed the 2½% debt limitation for the purpose of constructing additions and improvements to the sewage disposal facilities without having first submitted the question to a referendum.

The Round Lake Sanitary District is a municipal corporation organized under what is now section 1 of the act, (chap. 42, par. 299,) and it has a population of less than 300,000. Section 1 of the Limitation on Indebtedness Act, (chap. 113, par. 44) provides among other things that no municipal corporation having a population of less than 300,000 shall become indebted for an amount which exceeds 2½% of the assessed valuation of the taxable property therein. This provision was enacted in 1928. (Laws of 1928, First Sp. Session., p. 70.) At the 1941 session of the legislature two different bills were introduced, each dealing with sanitary districts created under section 1 of the act of 1917, and the debt limitation imposed by section 1 of the Limitation on Indebtedness Act.

House Bill No. 787 provided that the 2½% limitation shall not apply to any indebtedness of such sanitary districts for the purpose of constructing sewage disposal plants provided the question of increasing the 2½% debt limitation had first been submitted to a referendum and carried. Senate Bill No. 514 provided that the 2½% limitation shall not apply to any indebtedness of such sanitary districts for the purpose of constructing, altering, improving or repairing a waterworks or a sewer system, including a plant for the treatment and disposal of sewage. House Bill No. 787 was passed by the legislature on June 27, 1941, and approved July 16, 1941, and became section 1.15 (par. 44.15b). Senate Bill No. 514 was passed on June 30, 1941, and approved July 29, 1941, and became section 1.16 (par. 44.15c).

These two sections are inconsistent in defining the pur-pose for which the 2½% debt limitation may be exceeded except that both define the construction of sewage disposal plants as a proper purpose; and, although both define that as a proper purpose, they are inconsistent on this point in that one provides for exceeding the 2½% limitation only after the question has been submitted to a referendum and carried, while the other does not mention a referendum. Although both sections were passed at the same session of the legislature, section 1.16 (par. 44.15c,) was passed later in point of time and is the one which must be given effect. *Pritchett* v. *County Board of School Trustees,* 5 Ill.2d 356; *People ex rel. Schlaeger* v. *Mattes,* 396 Ill. 348; *People ex rel. Christensen* v. *Board of Education,* 393 Ill. 345.

The decree of the circuit court of Lake County is affirmed.

*Decree affirmed.*