People of the State of Illinois, Plaintiff-Appellee, v. Wesley Johnson, Defendant-Appellant, Yellow Cab Company, Intervenor-Appellant.

Gen. No. M–50,350.

First District, Second Division.

April 19, 1966.

Lee A. Freeman and William L. Sharp, of Chicago, for appellants.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (William G. Clark, Attorney General, Edward Finnegan, Assistant Attorney General, Elmer C. Kissane and Albert J. Armonda, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Defendant was found guilty of violating section 18 of the Illinois Motor Carrier of Property Act by transporting personal property for hire without a certificate of public convenience and necessity and was fined $300. Ill Rev Stats 1963, c 95½, par 282.18. He appeals.

The facts are undisputed. On September 10, 1964, defendant, a taxicab driver, was dispatched by radio by his employer, Yellow Cab Company, to pick up a package at a Chicago address for delivery to an air express terminal

at O'Hare Airport. A fee of $5 was charged for this delivery. No passenger accompanied the package, containing machine parts, enroute to the airport. While making the delivery at the airport, defendant was apprehended by an investigator for the Illinois Commerce Commission, who issued a complaint (traffic ticket) for the transportation of personal property for hire without the necessary certificate. Neither defendant nor his employer has a certificate allowing such form of transportation for hire.

A motion to dismiss the complaint, supported by an affidavit, was filed on December 4, 1964, asserting that defendant was an agent of the Yellow Cab Company and was acting as such when arrested, that the transportation of the personal property by defendant constituted a "casual and occasional transportation of personal property" or "transportation of property incident to and in furtherance of" Yellow Cab's passenger carriage service, and that this activity is expressly exempted from the certificate requirements of the Motor Carrier of Property Act by section 3 of the Act. Ill Rev Stats 1963, c 95½, par 282.3. After hearings, the motion was denied.

Defendant was tried for the violation on December 10, 1964. In addition to the foregoing evidence presented to the court, the operation's manager of the Yellow Cab Company testified that Yellow Cab drivers engage in the transportation of unaccompanied personal property on an average of 15 times per day and that this activity constitutes a very small percentage of Yellow Cab's overall daily carriage activity. On the same day as the trial, Yellow Cab Company filed a motion for leave to intervene in the cause, but no ruling was ever made on the motion.

Section 18 of the Illinois Motor Carrier of Property Act provides:

". . . it shall be unlawful for any person to operate or furnish service as a motor carrier of prop-

erty on any public highways of this State, until he shall have filed an application for such authority and received from the Commission a certificate, permit or registration authorizing such operation. . . ." Ill Rev Stats 1963, c 95½, par 282.18.

Section 18 further provides:

"Every person who, either individually, or acting as an officer, agent or employee of a motor carrier or of a corporation other than a motor carrier, . . . procures, aids or abets any motor carrier in violation of this Act or in his failure to obey, observe or comply with this Act, or any such order, decision, rule, regulation, direction or requirement of the Commission or any part or portion thereof, in a case in which a penalty is not otherwise provided for in this Act, is guilty of a misdemeanor. . . ." Ill Rev Stats 1963, c 95½, par 282.18.

Exceptions to the certificate requirements are provided for in section 3 of the Act,[1] which reads:

"This Act shall not apply to: . . .
"(f) The reciprocal, casual or occasional transportation for hire of property by any person who is regularly engaged in business other than the business of transporting property of others for hire . . .
"(h) Motor vehicle transportation of property by

[1] Two amendments to section 3 were enacted by the General Assembly at the same session of the legislature, House Bill 570, approved June 13, 1963, and House Bill 975, approved July 29, 1963. The above citation is to House Bill 975, for the reason that it was enacted later in time and must therefore be deemed to be controlling. See People ex rel. Hines v. Baltimore & O. S. W. R. Co., 366 Ill 318, 8 NE2d 655; People ex rel. Schlaeger v. Mattes, 396 Ill 348, 71 NE2d 690. House Bill 570 omits an exception akin to paragraph (f) above quoted relating to "reciprocal, casual or occasional transportation."

any person incident to or in furtherance of any private commercial enterprise of such person other than the business of transporting property of others for hire. . . ." Ill Rev Stats 1963, c 95½, par 282.3.

 The purpose of the Illinois Motor Carrier of Property Act is the regulation of the "business of transporting property for hire." Elgin Storage & Transfer Co. v. Perrine, 2 Ill2d 28, 116 NE2d 868. As stated by the court in the Perrine case, at page 34:

". . . An analysis of the act shows that it is not the regulation of motor vehicles as such, but the regulation of the business of transportation, for the legislature expressly declares, in section 1 thereof, that it is 'the business of the transportation of property for-hire by motor vehicle' which is to be supervised and regulated. . . ."

We are of the opinion that the daily and regular activity by the Yellow Cab Company of transporting personal property for hire constitutes a "business of transportation of property for hire" for which a certificate of public convenience and necessity is required, that its activity under the circumstances constitutes a violation of section 18 of the Motor Carrier Act, and that defendant Johnson aided and abetted the Yellow Cab Company in the particular violation involved herein.

 The daily activity of the Yellow Cab Company in this regard does not fall within the exceptions provided for in either paragraph (h) or paragraph (f) of section 3 of the Motor Carrier Act. The transportation of unaccompanied parcels by Yellow Cab is not "transportation of property . . . incident to or in furtherance of" its business of transporting persons for hire. In each of the 15 daily carriages, personal property alone is transported; passenger carriage is in no way involved. This is not akin to a situation where a passenger, with luggage, desires

to be taken to a certain location but to have his luggage dropped off at another location. The argument raised, that this activity is merely a "service to customers," cannot be employed to disguise the fact that no passenger carriage is involved.

 Nor can it be said that the activity of Yellow Cab is the "reciprocal, casual or occasional" transportation for hire. The term "casual" is defined as "occasional; coming without regularity; incidental"; the term "occasional" is defined as "occurring at irregular intervals; infrequent"; and the term "regular" is defined as "steady or uniform in course, practice or occurrence." Webster's New International Dictionary, (2nd ed.). Transportation of some 15 parcels of personal property per day by the Yellow Cab Company, admitted by it to be its practice, is clearly an activity which occurs with regularity and is a steady practice and occurrence. The fact that it may amount to a very small percentage of Yellow Cab's overall daily activity does not alter this fact. Yellow Cab makes a business of this form of carriage, grossing nearly $6,000 per year in revenue therefrom, and yet is not subject to the rules and regulations of the Motor Carrier of Property Act with respect to rates and fees, area and location of operation, and the like, as are the persons certificated to engage in this form of business. The Yellow Cab Company holds itself out as a carrier of personal property, and yet may refuse to carry any given parcel without being subject to penalty.

Defendant relies on the cases of Tansey v. Robinson, 24 Ill App2d 227, 164 NE2d 272, and Bankers & Shippers Ins. Co. of New York v. Blackwell, 260 Ala 463, 71 So2d 267, in support of its position that the activity of Yellow Cab Company without a certificate is not violative of the Motor Carrier Act. The Tansey Case presents a situation entirely different from the case at bar. In the Tansey case, defendant Great Atlantic & Pacific Tea

497

Company hired defendant Robinson to deliver merchandise ordered by its customers. The delivery of the parcels in the Tansey case was clearly a service to the customers of Great Atlantic and incidental to its regular business activity. In the case at bar, on the other hand, Yellow Cab Company engages in two separate businesses for hire, namely, the transportation of persons and the transportation of property.

The Blackwell case also involves substantially different circumstances. In Blackwell, the party who was charged with violation of the Federal Motor Carrier Act (49 USCA § 303(b)(9)) engaged in the carriage of personal property for hire only a few times during the year. In the instant case, Yellow Cab engages in these carriages some 15 times each day, every day of the year.

It is admitted that defendant Johnson was under orders from, and the agent of, the Yellow Cab Company when transporting the personal property in question. In so doing, he clearly comes within section 18 of the Motor Carrier of Property Act in aiding and abetting the Yellow Cab Company in its violation of the Act.

The charge is made that defendant did not receive a fair trial, for the reasons that certain incompetent matters were received in evidence over objection and that the court made prejudicial remarks concerning the Yellow Cab Company. However, none of these matters in any way prejudiced defendant, since the admitted and undenied facts showed the Yellow Cab Company to be in violation of the Motor Carrier Act and also showed defendant to have aided and abetted Yellow Cab in this particular violation.

While the facts show Yellow Cab Company to be in violation of the Motor Carrier Act, liability for the violation here in question cannot be directly imposed up-

on it in the case at bar, since Yellow Cab was never properly made a party to this action.

For these reasons the judgment is affirmed.

Judgment affirmed.

BRYANT, P. J. and LYONS, J., concur.